VROMAN, APPELLEE, *v.* HALISHAK ET AL., APPELLANTS.

(No. 48912—Decided December 31, 1984.)

*Phillip A. Lawrence,* for appellee.
*William F. Halishak* and *Deborah L. Halishak, pro se.*

JACKSON, J. This is an appeal from a decision of the Common Pleas Court of Cuyahoga County, which denied appellants' motion for relief from judgment. On appeal appellants present a single assignment of error:

"The court below erred in failing to grant appellant's [*sic*] motion for relief from judgment when the judgment was void as a matter of law."

On January 6, 1984, a full hearing was held on appellants' motion for relief from judgment, and the following facts were adduced.

Appellants, William F. and Deborah L. Halishak, bought a house and sixty-three acres of adjacent farm land from

appellee, Harry C. Vroman, in 1977. As part consideration for the purchase, appellants gave Vroman a cognovit note for $20,000. When appellants failed to make timely payments on the note, judgment was taken against them on April 27, 1979 on the warrant of attorney contained in the note for $20,000 plus interest. Appellants were notified promptly of the judgment, on or about May 1, 1979.

In 1980, the appellee was made a party to foreclosure proceedings initiated against appellants by another of appellants' creditors. The appellee assigned his judgment on the cognovit note to Phillip Lawrence and Lyndall Hughes, who are the real parties in interest in the action *sub judice*. A judgment of foreclosure was entered, but the foreclosure sale was delayed because appellants filed a petition for bankruptcy. The property finally was sold on March 29, 1984, after the bankruptcy petition was dismissed.

On April 5, 1984, appellants filed their motion for relief from the April 27, 1979 cognovit judgment against them. The trial court overruled the motion because the appellants "offered no satisfactory reason for a nearly five year delay" in filing the motion, and because the appellants "offered no defense to the underlying claim."

In their motion for relief from judgment, appellants cited as legal authority Civ. R. 60(B)(5). Rule 60(B) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or

discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

The Ohio Supreme Court set out the requirements for relief under Civ. R. 60(B) in *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], paragraph two of the syllabus:

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

The movant bears the burden of presenting operative facts, in conformance with evidentiary standards, which prove the allegations in support of his motion. *East Ohio Gas Co.* v. *Walker* (1978), 59 Ohio App. 2d 216 [13 O.O.3d 234]. With specific regard to Civ. R. 60(B)(5), the Supreme Court has stated:

"1. Civ. R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ. R. 60(B).

"2. The grounds for invoking Civ. R. 60(B)(5) should be substantial." *Caruso-Ciresi, Inc.* v. *Lohman* (1983), 5 Ohio St. 3d 64, paragraphs one and two of the syllabus.

This court agrees with the determination of the trial court that appellants failed to sustain their burden under the *GTE Automatic Electric* and *East Ohio Gas Co.* criteria. Appellants were not entitled to relief from judgment based on Civ. R. 60(B).

That conclusion does not entirely dispose of the issue, however. Appellants also argued below, both in their motion and at the hearing, that the court which granted the cognovit judgment was without jurisdiction under R.C. 2323.13(E), and therefore the judgment was *void.* The distinction between voidable and void judgments was explained by this court in *Security Ins. Co.* v. *Regional Transit Auth.* (1982), 4 Ohio App. 3d 24, 28:

"A motion to vacate judgment pursuant to Civ. R. 60(B) is a collateral attack upon a judgment. It is an allegation that the judgment is voidable on account of fraud, mistake, excusable neglect or some other reason. A motion to vacate judgment on jurisdictional grounds is a direct attack upon a judgment authorized by common law, and constitutes an allegation that the judgment is void. *Lincoln Tavern* v. *Snader* (1956), 165 Ohio St. 61 [59 O.O. 74]; *Hayes* v. *Kentucky Joint Land Bank of Lexington* (1932), 125 Ohio St. 359."

Therefore, appellants contend that the cognovit note for $20,000 was a "consumer loan" within the meaning of R.C. 2323.13(E)(1), and that the warrant of attorney was therefore invalid. Consequently, the appellants further argue that the trial court lacked jurisdiction to render a cognovit judgment based on that warrant of attorney, and the resulting judgment was void *ab initio.* A litigant seeking to vacate a void judgment need not conform to the rigorous requirements of Civ. R. 60(B).

The determination of whether appellants are entitled to have the judgment vacated as void depends on whether the note arose out of a "consumer loan,"[1] as defined in R.C. 2323.13(E)(1). The pivotal question in the instant case is as follows: Was the debt incurred primarily for a personal, family, educational, or household purpose?

At the hearing, appellant William Halishak testified that he and his family moved to the farmhouse and lived on the property from 1977 to 1982. Phillip Lawrence testified that appellants were using the farm in connection with a business venture involving horses, but Lyndall Hughes admitted that he saw no horses when he visited the property.

The trial court did not make a finding of fact on the question of "primary purpose," because of its belief that such a finding was not necessary.

Appellants contend that a cognovit note given as partial consideration in a real estate transaction is a "consumer loan" within the meaning of R.C. 2323.13(E)(1). This court does not agree. R.C. 2323.13 governing a warrant of attorney to confess judgment in a case provides in pertinent part:

"(E) A warrant of attorney to confess judgment contained in any instrument executed on or after January 1, 1974, *arising out of a consumer loan or consumer transaction, is invalid and the court shall have no jurisdiction to render a judgment based upon such a warrant.* An action founded upon an instrument arising out of a consumer loan or a consumer transaction as defined in this section is commenced by the filing of a complaint as in any ordinary civil action.

"* * *

---

[1] Appellants concede that a "consumer transaction" (R.C. 2323.13[E][2]) is not at issue here.

"As used in this section:

"(1) *'Consumer loan'* means a loan to a natural person and the *debt incurred is primarily for a personal, family, educational, or household purpose. The term 'consumer loan' includes* the creation of *debt by the lender's payment of or agreement to pay money to the debtor* or to a third party for the account of the debtor; *the creation of a debt by a credit to an account with the lender* upon which the debtor is entitled to draw; *and the forebearance of debt arising from a consumer loan.*

"(2) *'Consumer transaction'* means a *sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, franchise, or an intangible,* to an individual for purposes that are primarily *personal, family, educational, or household."* (Emphasis added.)

These provisions are unambiguous. In defining a "consumer loan" and a "consumer transaction," the statute obviously refers to personalty, goods, services, and intangibles. No reference is made to a transaction which involves real estate. Consequently, we hold that R.C. 2323.13(E)(1) does not apply to real estate transactions. In reaching this decision, it is appropriate to quote from a recent decision of the Ohio Supreme Court:

"* * * [I]t is well-settled that when a statute is free from ambiguity this court will not, under the guise of judicial interpretation, '* * * delete words used or * * * insert words not used [within a statute].' *Columbus-Suburban Coach Lines* v. *Pub. Util. Comm.* (1969), 20 Ohio St. 2d 125, 127 [49 O.O.2d 445]; *Wheeling Steel Corp.* v. *Porterfield* (1970), 24 Ohio St. 2d 24, 28 [53 O.O.2d 13]; *Bernardini* v. *Bd. of Edn.* (1979), 58 Ohio St. 2d 1, 4 [12 O.O.3d 1]; *Dougherty* v. *Torrence* (1982), 2 Ohio St. 3d 69, 70; *Ohio Assn. of Pub. School Emp.* v. *Twin Valley Local School Dist. Bd. of Edn.* (1983), 6 Ohio St. 3d 178, 181." *State, ex rel. Molden,* v. *Callander Cleaners Co.* (1983), 6 Ohio St. 3d 292, 294.

In summary, the trial court did not err in its determination of the motion for relief from judgment under Civ. R. 60(B)(5), and in concluding that it was unnecessary for the court to make a finding of fact on the question of "primary purpose."

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CORRIGAN, C.J., and NAHRA, J., concur.