SHORE WEST CONSTRUCTION CO., APPELLEE, *v.* SROKA ET AL., APPELLANTS.

[Cite as *Shore West Constr. Co. v. Sroka* (1991), 61 Ohio St.3d 45.]

(Nos. 90–373 and 90–681—Submitted February 12, 1991—Decided June 26, 1991.)

*Gareau & Dubelko Co., L.P.A., Michael R. Gareau* and *William L. Costello,* for appellee.

*Donahue & Scanlon, Harvey Labovitz* and *Lawrence S. Crowther,* for appellants.

MOYER, C.J. Upon review, we hold that a loan obtained for purposes of purchasing real estate may be a "consumer loan" under R.C. 2323.13(E)(1).

R.C. 2323.13(E) states in pertinent part:

"A warrant of attorney to confess judgment * * *, arising out of a consumer loan or consumer transaction, is invalid and the court shall have no jurisdiction to render a judgment based upon such a warrant. * * *

" * * * *

"As used in this section:

"(1) 'Consumer loan' means a loan to a natural person and the debt incurred is primarily for a personal, family, educational, or household purpose. The term 'consumer loan' includes the creation of debt by the lender's payment of

or agreement to pay money to the debtor or to a third party for the account of the debtor; the creation of a debt by a credit to an account with the lender upon which the debtor is entitled to draw; and the forebearance [*sic*, forbearance] of debt arising from a consumer loan.

"(2) 'Consumer transaction' means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, franchise, or an intangible, to an individual for purposes that are primarily personal, family, educational, or household."

If appellants' cognovit note arose out of either a consumer loan or consumer transaction, then the cognovit judgment entered against them is void and must be vacated for lack of subject matter jurisdiction.

Appellants have not argued that the cognovit note arose out of a consumer transaction. We therefore express no opinion on the application of R.C. 2323.13(E)(2) to a cognovit note arising out of a contract for the construction of a new home. Appellants instead contend that their cognovit note arose out of a consumer loan. In response, Shore West contends that the term "consumer loan" does not encompass a loan made for the purpose of purchasing real estate.

Shore West's argument has no merit. In construing the definition of "consumer loan" under R.C. 2323.13, we find no basis within R.C. 2323.-13(E)(1) for a distinction between loans for purposes of purchasing real estate and loans for purposes of purchasing personal property or services. R.C. 2323.13(E)(1) sets forth essentially four elements in the definition of consumer loan: (1) there must be a "loan"; (2) to a "natural person"; (3) by which a debt is incurred; (4) for primarily personal, family, educational or household purposes. There is no hint in this definition that real estate cannot serve primarily personal, family, educational or household purposes. Indeed, it is clear that the purchase of a home serves the most fundamental of personal and family purposes. Shore West's argument has no support in the definition of "consumer loan."

Shore West's argument is further weakened when the definition of "consumer loan" is compared to that of "consumer transaction." When the General Assembly desired to exclude real estate from the scope of the "consumer transaction" definition, it provided that the definition was limited to goods, services, franchises, and intangibles. See *Heritage Hills, Ltd. v. Deacon* (1990), 49 Ohio St.3d 80, 551 N.E.2d 125. The definition of "consumer loan" contains no such limiting language. The absence of such language strongly indicates that the General Assembly did not intend to exclude loans involving real estate from the definition of consumer loan. See *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 70, 518 N.E.2d 941, 943. Accordingly, we

hold that a loan obtained for purposes of purchasing real estate may be a "consumer loan" under R.C. 2323.13(E)(1). We disapprove *Vroman v. Halishak* (1984), 22 Ohio App.3d 14, 22 OBR 49, 488 N.E.2d 231, and *Ohio Savings Assn. v. Cortell* (1985), 24 Ohio App.3d 234, 24 OBR 444, 495 N.E.2d 33, to the extent those cases held to the contrary.

Shore West has not contended that its transaction with appellants failed in any other respect to meet the definition of consumer loan. It is therefore unnecessary to remand the case for an evidentiary hearing on the elements of R.C. 2323.13(E)(1). Consequently, in view of the undisputed facts, we hold that the common pleas court lacked jurisdiction under R.C. 2323.13(E) to enter a cognovit judgment against appellants. Because our disposition of this issue results in the vacation of the cognovit judgment, we will not address other issues raised by appellants concerning the propriety of Civ.R. 60(B) relief in this case.

Based on the foregoing, we reverse the judgment of the court of appeals and remand the case to the common pleas court for further proceedings in accordance with law.

*Judgment reversed*
*and cause remanded.*

Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.