JOURNAL ENTRY AND OPINION
Defendant David Laux appeals from the judgment of the Cleveland Heights Municipal Court which entered judgment in favor of plaintiff Dorothy Dorman upon a cognovit note signed by defendant. For the reasons set forth below, we reverse.
On May 19, 1992, defendant signed a mortgage note which provided in relevant part as follows:
 The maker hereby irrevocably authorizes and empowers any attorney of any court of record in the Commonwealth of Pennsylvania or elsewhere to appear for Maker and to confess judgment against Maker in favor of Payee, and in favor of any other holder hereof, at any time or times and as of any term, with or without declaration filed, for the whole or any part of said amounts, with costs of suit, without stay of execution, and with five (5%) percent of the unpaid principal amount thereof added as attorneys' collection fees, but in no event less than the sum of $500; and with respect to any judgment entered heron maker waives, in regard to any real or personal property levied upon, any right of appraisement, exemption or stay of execution under any law now in force or hereafter enacted, the right of inquisition (and agrees that any real estate shall be voluntarily condemned and may be sold under any process allowed by law), and the right of appeal, and does release all errors, and maker agrees that if a true copy hereof verified by affidavit made by Payee or someone acting on Payee's behalf is filed in such proceeding it shall not be necessary to file the original as a warrant of attorney, any rule of court, custom or practice to the contrary notwithstanding. The authority herein granted to confess judgment shall not be exhausted by any exercise thereof but shall continue from time to time and at all times until full payment of all said amounts.
It is undisputed that the warning language required pursuant to R.C. 2323.13 was not included in this document.
On March 19, 1999, plaintiff filed a complaint upon the note in the Cleveland Heights Municipal Court, alleging that defendant owed her $6,626.55 plus 10% interest, and attorney fees. Also on March 19, 1999, plaintiff filed an answer admitting defendant's liability pursuant to the warrant of attorney contained in the note. On March 25, 1999, the trial court entered judgment for plaintiff.
The court subsequently notified defendant of the judgment then commenced proceedings in aid of execution. Defendant filed a notice of appeal to this court and also filed a motion for relief from judgment. The trial court subsequently dismissed the motion for relief from judgment in light of the pending appeal.[1]
Defendant now assigns two errors for our review.
Defendant's second and third assignments of error states:
 THE TRIAL COURT LACKED JURISDICTION TO ENTER A JUDGMENT ON A COGNOVIT NOTE AND A WARRANT OF ATTORNEY THAT IS NOT IN CONFORMITY WITH THE REQUIREMENTS OF R.C. 2323.13.
 THE TRIAL COURT ERRED IN HOLDING THAT A COGNOVIT NOTE EXECUTED IN A SISTER STATE IS ENTITLED TO FULL FAITH AND CREDIT IN AN OHIO COURT.
Within these assignments of error, defendant complains that the trial court erred in entering judgment upon the cognovit language of the mortgage note because the note lacked the statutorily mandated warning language. In opposition, plaintiff asserts that the requirements of Ohio law are irrelevant because the note was signed in Pennsylvania and presumably meets the requirements of that state. Because it is clear that Ohio Courts are without jurisdiction to enter cognovit judgments unless the requirements of R.C. 2323.13 are met, and because the mortgage note fails to contain any language whereby the parties agree to be bound by the requirements of Pennsylvania law, we find defendant's contentions to be meritorious.
R.C. 2323.13 provides in relevant part as follows:
 (A) An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession. Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction of a municipal court established under section 1901.01 of the Revised Code, or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney. The original or a copy of the warrant shall be filed with the clerk.
 (B) The attorney who represents the judgment creditor shall include in the petition a statement setting forth to the best of his knowledge the last known address of the defendant.
 (C) Immediately upon entering any such judgment the court shall notify the defendant of the entry of the judgment by personal service or by registered or certified letter mailed to him at the address set forth in the petition.
 (D) A warrant of attorney to confess judgment contained in any promissory note, bond, security agreement, lease, contract, or other evidence of indebtedness executed on or after January 1, 1974, is invalid and the courts are without authority to render a judgment based upon such a warrant unless there appears on the instrument evidencing the indebtedness, directly above or below the space or spaces provided for the signatures of the makers, or other person authorizing the confession, in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document:
 "Warning — By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause." (Emphasis added).
Pursuant to this statute, a cognovit clause in a promissory note is invalid, leaving Ohio courts without jurisdiction to render judgment based upon such clause, unless the statutorily required cognovit clause appears "in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document."
Further, warrants of attorney to confess judgment are to be strictly construed, and court proceedings based on such warrants must conform in every essential detail with the statutory law governing the subject. Lathrem v. Foreman (1958), 168 Ohio St. 186, paragraph one of the syllabus; Peoples Banking Co. v. Brumfield Hay Grain Co. (1961), 172 Ohio St. 545, 548.
As to plaintiff's claim that the note presumably satisfies the requirements of Pennsylvania law, we note that the parties did not agree that Pennsylvania law would govern their dispute, cf. PNC Bank v. Schram (August 30, 1999), Hamilton App. No. C-980683, unreported. Further, traditional principles in this context indicate that the law of the forum applies to remedial rights, including procedures for enforcement. See, e.g., Guider v. LCI Communications Holdings Co. (1993), 87 Ohio App.3d 412, 417. The Guider Court stated:
 `No matter what law may govern as to the validity and interpretation of a contract, the law of the forum controls as to all matters connected with procedure for its enforcement.' (citing Shafer v. Metro-Goldwin-Mayer Distrib. Corp. (1929), 36 Ohio App. 31, and quoting 12 Corpus Juris [1917] 483-484, Conflict of Laws).
Finally, we conclude that plaintiff's reliance upon the Full Faith and Credit Clause of the Constitution is also unavailing. Section 1, Article IV of the United States Constitution provides in relevant part as follows:
 "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."
In Wyatt v. Wyatt (1992), 65 Ohio St.3d 268, 269, the Ohio Supreme Court held that pursuant to the Full Faith and Credit Clause, Ohio courts must recognize the validity of foreign judgments rendered by courts of competent jurisdiction. Accord Section 1738, Title 28, U.S. Code which provides that judgments, "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." This matter, however, was first filed in Ohio, and was not filed in Ohio upon a foreign judgment. There is therefore no foreign judgment to which full faith and credit must be applied.
The second and third assignments of error are well-taken.
Defendant's first assignment of error states:
 THE TRIAL COURT LACKED JURISDICTION TO ENTER A JUDGMENT BASED UPON A WARRANT OF ATTORNEY IN A CONSUMER TRANSACTION.
Within this assignment of error, defendant asserts that this matter arose from a consumer loan and a cognovit judgment is therefore prohibited pursuant to R.C. 2323.13(E).
R.C. 2323.13(E) states in pertinent part:
 A warrant of attorney to confess judgment contained in any instrument executed on or after January 1, 1974, arising out of a consumer loan or consumer transaction, is invalid and the courts shall have no jurisdiction to render a judgment based upon such a warrant.
Thus, pursuant to statute, a court does not have subject matter jurisdiction to render a judgment based on a warrant of attorney to confess judgment which arises out of a consumer loan. See also Patton v. Diemer (1988), 35 Ohio St.3d 68, 70.
As used in R.C. 2323.13(E):
 (1) "Consumer loan" means a loan to a natural person and the debt incurred is primarily for a personal, family, educational, or household purpose. The term "consumer loan" includes the creation of debt by the lender's payment of or agreement to pay money to the debtor or to a third party for the account of the debtor; the creation of a debt by a credit to an account with the lender upon which the debtor is entitled to draw; and the forbearance of debt arising from a consumer loan R.C.
There are four elements in this definition of a consumer loan: (1) there must be a "loan"; (2) to a "natural person"; (3) by which a debt is incurred; and (4) for primarily personal, family, educational, or household purposes. Shore West Constr. Co. v. Sroka (1991) 61 Ohio St.3d 45, 48.
A loan obtained for purposes of purchasing real estate may be a "consumer loan" under RC 2323.13(E)(1). Id. at 47. The Shore West court stated:
 There is no hint in this definition that real estate cannot serve primarily personal, family, educational or household purposes. Indeed, it is clear that the purchase of a home serves the most fundamental of personal and family purposes.
In this instance, the record is not developed to a sufficient degree to permit us to make a conclusive determination as to whether this matter arose from a consumer loan. Nonetheless, this claim is rendered moot in light of our previous assignment of error.
This judgment of the Cleveland Heights Municipal Court is reversed.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE
CORRIGAN, J., AND KILBANE, J., CONCUR.
[1] We note that this Court generally permits a limited remand in order for the trial court to rule on such motions and we would have remanded this matter if the motion for relief from judgment were still pending. See Marjnaric v. Marjnaric (1975), 46 Ohio App.2d 157,161.