JOURNAL ENTRY and OPINION.
{¶ 1} Defendants-appellants William C. and Helen G. Spigutz ("appellants") appeal from the denial of their motion to vacate a default judgment that was rendered against them on October 26, 1989 in the Shaker Heights Municipal Court. For the reasons stated below, we reverse and remand.
 {¶ 2} On August 1, 1989, plaintiff-appellee Ameritrust Company ("Ameritrust") filed a complaint in the Shaker Heights Municipal Court seeking monies owed on a credit card issued to appellants. On August 3, 1989, the clerk of courts issued service via certified mail. On August 22, 1989 and August 29, 1989, respectively, the mailings were returned "unclaimed." On September 5, 1989, Ameritrust requested ordinary mail service. On September 6, 1989, service by ordinary mail was issued with an answer date of October 4, 1989.
 {¶ 3} On October 23, 1989, after having failed to receive a response to its complaint, Ameritrust filed a motion for default judgment. On October 26, 1989, the court granted said motion. On December 23, 2003, appellants filed a motion to vacate judgment, and on January 9, 2004, Ameritrust filed its brief in opposition. On January 20, 2004, the court denied appellants' motion to vacate judgment, without hearing or opinion.
 {¶ 4} From this denial of the motion to vacate, appellants timely appeal and advance two assignments of error for our review. We elect to address appellants' second assignment of error first.
 I. {¶ 5} In their second assignment of error, appellants argue that they "were denied due process of law when their motion to vacate was overruled without an evidentiary hearing." We agree.
 {¶ 6} "A motion to vacate judgment pursuant to Ohio R. Civ. P. 60(B) alleges that the judgment is voidable, unlike a motion to vacate judgment on jurisdictional grounds, which alleges that the judgment is void. Accordingly, the requirements of Rule 60(B) do not apply where a party attacks a judgment for want of personal jurisdiction." Clark v. Marc Glassman, Inc., Cuyahoga App. No. 82578, 2003-Ohio-4660. If a Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion. Weiss, Inc.v. Pascal, Cuyahoga App. No. 82565, 2003-Ohio-5824. Appellants argue that the trial court never retained jurisdiction; therefore, the default judgment rendered against them is void.
 {¶ 7} This court has repeatedly held that "where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it." Rafalski v. Oates (1984),17 Ohio App.3d 65, 66, citing Cox v. Franklin (Jan. 10, 1974), Cuyahoga App. No. 32982.
 {¶ 8} In the case sub judice, both parties presented affidavits in support of their respective positions. The trial court should have conducted a hearing to verify the allegations contained in the affidavits and to see whether the 1989 judgment should be vacated. The trial court's failure to conduct a hearing was an abuse of discretion.
 {¶ 9} Appellants' second assignment of error is sustained.
 II. {¶ 10} Because appellants' second assignment of error has been sustained, we need not address their first assignment of error. App.R. 12(A)(1)(c).
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellants recover from appellees their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, P.J., and Rocco, J., Concur.