ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant-Appellant, Marjorie Vizurraga ("Vizurraga"), appeals from the decision of the Cuyahoga County Court of Common Pleas that denied her motion to vacate the cognovit judgment that was entered in favor of plaintiff-appellee, Michael Solomon, Trustee ("Solomon"). Because we find the trial court lacked subject matter jurisdiction to enter the cognovit judgment, we reverse the judgment of the trial court and remand the matter for further proceedings.
 {¶ 3} In May 2001, Solomon filed a cognovit complaint against Vizurraga, alleging that Vizurraga owed Solomon $148,293.28 in principal and interest on a promissory note. The promissory note, which was dated March 1, 1996, was for a loan from the Luis R. Vizurraga Irrevocable Trust Agreement to Vizurraga in the amount of $109,000.
 {¶ 4} The trial court granted Solomon a cognovit judgment on May 30, 2001. Vizurraga filed a motion to vacate the cognovit judgment on March 9, 2005. Vizurraga attached an affidavit to her motion in which she stated the loan proceeds were used to purchase a family home. At the time, she was married to Luis Vizurraga and had three children. The couple was divorced in February 2001.
 {¶ 5} Vizurraga claimed that her husband refinanced the home three times during the marriage and borrowed approximately $750,000 against the home's equity to use for his personal business and lifestyle choices. Vizurraga further stated that Luis assumed all liability for the loan given under the promissory note in question.
 {¶ 6} The trial court denied the motion to vacate. Vizurraga brought this appeal, raising two assignments of error for our review. Her first assignment of error is dispositive of the matter and provides as follows:
 {¶ 7} "1: The trial court erred by denying appellant's motion to vacate the cognovit judgment, because the trial court lacked subject matter jurisdiction to grant the cognovit judgment."
 {¶ 8} Vizurraga argues that because the purpose of the loan was to buy a personal residence for her and her family, it was a consumer loan against which a cognovit judgment could not be taken. We agree.
 {¶ 9} Pursuant to R.C. 2323.13(E), "a warrant of attorney to confess judgment * * *, arising out of a consumer loan or consumer transaction, is invalid." Adhering to this statute, the Ohio Supreme Court has held that a common pleas court lacks subject matter jurisdiction to enter a cognovit judgment arising out of a consumer loan. Shore West Constr. Co. v. Sroka (1991),61 Ohio St.3d 45, 47. Moreover, any such judgment is void and must be vacated for lack of jurisdiction. Id.; Dodick v. Dodick
(Jan. 25, 1996), Cuyahoga App. Nos. 67385, 68588. A "consumer loan" means "a loan to a natural person and the debt incurred is primarily for a personal, family, educational, or household purpose." R.C. 2323.13(E)(1).
 {¶ 10} A loan obtained for the purpose of purchasing real estate may be a consumer loan. Shore West, 61 Ohio St.3d at 49. Indeed, "the purchase of a home serves the most fundamental of personal and family purposes." Id. at 48.
 {¶ 11} In this case, a loan was given to Vizurraga and she incurred a debt in the amount of $109,000. Vizurraga submitted an affidavit stating that the loan proceeds were deposited in the family's personal checking account and that the money was used to purchase the family home. Although Solomon argues that Luis, in turn, refinanced the home to generate money for his personal business, the subsequent acts of refinancing the home by Luis do not alter the fact that the loan was obtained by Vizurraga for the purposes of purchasing a home in which her family would reside. As this court stated in Dodick: "This debt was incurred so that defendant could have a home for herself and her children. One could not think of a better example of family or household purpose."
 {¶ 12} As a final matter, we are unpersuaded by the laches argument under the circumstances of this case. Black's Law Dictionary, Fifth Edition, defines laches as the "neglect or omission to do what one should do as warrants a presumption that one has abandoned that right or claim." Lack of subject matter jurisdiction can never be waived, and it can be raised at any point in the proceedings. Subject matter jurisdiction does not relate to the rights of the parties (which a party can either affirmatively waive, or constructively waive, as in laches) but rather relates to the power of the court to hear and decide a controversy. State ex rel. Jones v. Suster, 84 Ohio St.3d 70
(1998). The parties by their action, or inaction, cannot create a power in a court that is not there. Hence, laches can never be a defense to lack of subject matter jurisdiction.
 {¶ 13} Vizurraga's first assignment of error is sustained; her second assignment of error is moot.[1]
 {¶ 14} We hereby reverse the trial court's denial of Vizurraga's Civ. R. 60(B) motion and vacate the judgment entered on the cognovit note.
Judgment reversed and case remanded with order to vacate the judgment.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and McMonagle, J., concur.
[1] Vizurraga's second assignment of error challenges the trial court's denial of her motion to vacate without a hearing.