[Cite as *Agarwal v. Matthews*, 2012-Ohio-161.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 96950

## MUNNA AGARWAL

PLAINTIFF-APPELLEE

vs.

## CHARLES J. MATTHEWS, ET AL.

DEFENDANT-APPELLANTS

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-681836

**BEFORE:** E. Gallagher, J., Sweeney, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**     January 19, 2012

**ATTORNEY FOR APPELLANTS**

Janice A. Isakoff
Belkin Garfield LLC
25700 Science Park Dr.
Suite 270
Beachwood, Ohio    44122

**ATTORNEY FOR APPELLEE**

Harold Pollock
Harold Pollock Co., L.P.A.
5900 Harper Road, Suite 107
Solon, Ohio    44139

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellants, Charles and Jacquelyn Matthews, appeal the judgment of the Cuyahoga County Court of Common Pleas denying their motion for relief from cognovit judgment as untimely filed. Appellants argue that the trial court erred in that ruling because the trial court lacked jurisdiction to enter the cognovit judgment as the underlying loan was a consumer loan. After a thorough review of the record, and for the reasons set forth below, we reverse and remand.

{¶ 2} On January 14, 2009, appellee Munna Agarwal ("Agarwal") filed a

cognovit complaint against appellants, alleging that appellants owed Agarwal $122,952.14 in principal and interest on a promissory note. The promissory note, which was dated June 4, 2008, was for a loan from Agarwal to appellants in the amount of $110,114.14.

{¶ 3} The trial court granted Agarwal a cognovit judgment on January 14, 2009. Appellants filed a Civ.R. 60(B) motion for relief from cognovit judgment on April 5, 2010. Appellants attached to that motion an affidavit from Charles Matthews wherein he stated the loan proceeds stemmed from monthly payment obligations relating to the purchase of a family home.

{¶ 4} On May 26, 2011, the trial court denied appellants' motion for relief from cognovit judgment as untimely filed. Appellants brought this appeal, raising the following two assignments of error, which we address together.

{¶ 5} Appellants' assignments of error state:

1. The trial court failed to find that the cognovit note arose from a consumer loan thereby rendering the warrant of attorney to confess judgment granted to plaintiff-appellee Munna Agarwal ("Agarwal"), in that cognovit promissory note invalid; and

2. The trial court improperly found that Matthews' Motion for Relief From Cognovit Judgment was not timely filed because requests to vacate brought pursuant to [R.C. 2323.13(E)] relate to the subject-matter jurisdiction of the court so there is no time limit for filing a motion for relief from judgment.

{¶ 6} In order to prevail on a motion brought under Civ.R. 60(B), the

movant must demonstrate the following: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A motion for relief from judgment will be overruled if these three elements are not satisfied. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 520 N.E.2d 564 (1988). However, in the case of a judgment on a cognovit note, only two of the three elements need to be satisfied. *Meyers v. McGuire*, 80 Ohio App.3d 644, 646, 610 N.E.2d 542 (1992). "[R]elief from a judgment taken upon a cognovit note, without prior notice, is warranted by authority of Civ.R. 60(B)(5) when the movant (1) establishes a meritorious defense, (2) in a timely application." *Id.*

**{¶ 7}** R.C. 2323.13(E) prohibits a warrant of attorney to confess judgment when the note arises out of a consumer loan. In *Shore W. Constr. Co. v. Sroka*, 61 Ohio St.3d 45, 48, 572 N.E.2d 646 (1991), the Supreme Court, applying R.C. 2323.13(E), held that a judgment entered on a cognovit note that arises out of a consumer transaction is void and must be vacated

for lack of jurisdiction. The Court in *Shore W.* then interpreted what constitutes a "consumer loan" under R.C. 2323.13(E) as follows:

> R.C. 2323.13(E)(1) sets forth essentially four elements in the definition of consumer loan: (1) there must be a "loan"; (2) to a "natural person"; (3) by which a debt is incurred; (4) for primarily personal, family, educational or household purposes. There is no hint in this definition that real estate cannot serve primarily personal, family, educational or household purposes. Indeed, it is clear that the purchase of a home serves the most fundamental of personal and family purposes. *Id.*

{¶ 8} In *Shore W.* the court held that a cognovit note that was used as a down payment on a home was a consumer transaction under R.C. 2323.13 and that the trial court, therefore, did not have jurisdiction to enter judgment upon a warrant of an attorney. This court has previously found a party's argument that a cognovit judgment against her was void due to an underlying consumer loan to be a meritorious defense under Civ.R. 60(B). *Dodick v. Dodick,* 8th Dist. Nos. 67385, 68588 (Jan. 25, 1996).

{¶ 9} In regards to timeliness, in *Solomon v. Vizurraga,* 8th Dist. No. 87160, 2006-Ohio-3841, 2006 WL 2098713, this court allowed a Civ.R. 60(B) challenge to a cognovit judgment under the present grounds despite a nearly four-year gap between the judgment and the motion to vacate. In *Solomon* we explained that, "[l]ack of subject matter jurisdiction can never be waived, and it can be raised at any point in the proceedings. Subject matter jurisdiction does not relate to the rights of the parties (which a party can

either affirmatively waive, or constructively waive, as in laches) but rather relates to the power of the court to hear and decide a controversy. The parties by their action, or inaction, cannot create a power in a court that is not there." *Id.* at ¶ 12. (Internal citations omitted.)

{¶ 10} Though we find that the trial court erred in denying appellants' motion as untimely, we note that the trial court made no finding as to whether or not the loan underlying the present cognovit note constituted a consumer loan. Agarwal opposed appellants' motion for relief and attached his own affidavit to support his argument that the underlying transaction was not a consumer loan but rather a commercial transaction between himself and Mt. Sinai Church. In *Shore W.*, the Ohio Supreme Court noted that the appropriate course under the present circumstances is a remand, "for an evidentiary hearing on the elements of R.C. 2323.13(E)(1)." *Shore W.*, 61 Ohio St.3d at 49.

{¶ 11} Based on the foregoing, we reverse the judgment of the trial court and remand the case for further proceedings in accordance with law.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
SEAN C. GALLAGHER, J., CONCUR