[Cite as *Blue Durham Properties, L.L.C. v. Krantz*, 2013-Ohio-2098.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99201**

# BLUE DURHAM PROPERTIES, L.L.C.

PLAINTIFF-APPELLEE

vs.

# MARC K. KRANTZ, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-638134

**BEFORE:** Kilbane, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 23, 2013

**ATTORNEY FOR APPELLANTS**

Stephen P. Hanudel
326 North Court Street
Medina, Ohio 44256

**ATTORNEY FOR APPELLEE**

Jeffrey M. Levinson
3783 S. Green Road
Cleveland, Ohio 44122

MARY EILEEN KILBANE, J.:

{¶1} Defendants-appellants, Marc K. Krantz ("Marc") and Stacey Krantz ("Stacey") (collectively referred to as "the Krantzes"), appeal the trial court's judgment denying their motion for relief from judgment. We find no merit to the appeal and affirm the trial court's judgment.

{¶2} On August 7, 2007, the Krantzes executed and delivered two promissory notes, each in the amount of $100,000, plus interest to plaintiff-appellee, Blue Durham Properties, L.L.C. ("Blue Durham").[1] The first note provided that interest was to be calculated from February 21, 2006, at a rate of 22 percent per annum. The interest rate automatically changed to 23 percent retroactive to April 28, 2006, if the loan was not repaid in full by August 23, 2007. The note required payment in full on or before the earlier of (1) the date of sale, transfer, financing and/or refinancing of all or any part of the Cleveland Heights property, or (2) the maturity date of the note, September 10, 2007. The note was secured by a mortgage on residential property located at Yellowstone Road, Cleveland Heights, Ohio ("the Cleveland Heights property").

{¶3} The second note provided that interest was to be calculated from February 21, 2006, at the rate of 24 percent per annum. The interest rate automatically changed to

---

[1] These notes revise and restate a note executed by the Krantzes on June 15, 2007.

25 percent retroactive to February 21, 2006, if the loan was not repaid in full by August 23, 2007. The second note required payment in full on or before the earlier of (1) the date of sale, transfer, financing and/or refinancing of all or any part of the Shaker Heights property, or (2) the maturity date of the note, September 10, 2007. The second note was secured by a mortgage on residential property located at 19701 S. Woodland, Shaker Heights, Ohio 44122.

{¶4} Both cognovit notes contained warrants of attorney confessing judgment against the Krantzes. According to the terms of the notes, the holder was entitled to declare all unpaid principal and accrued interest to be immediately due and payable without demand or notice after default of the terms.

{¶5} The Krantzes defaulted on the terms of both notes. Blue Durham filed a complaint and obtained a judgment in the amount of $284,208, plus interest from the date of judgment at a rate of 10 percent per annum. In December 2007, the trial court entered its order in aid of execution, and on January 3, 2008, it issued a writ of execution against the Krantzes. In March 2009, the Krantzes paid the debt in full, and the case was settled and dismissed.

{¶6} On October 11, 2012, five years after the court entered judgment against the Krantzes, the Krantzes filed a motion for relief from judgment, arguing that because the cognovit notes involved consumer loans, the warrants of attorney were invalid under R.C. 2323.13(E) and the court lacked subject matter jurisdiction to grant judgment by confession in this case. The trial court denied the motion, and this appeal followed.

{¶7} In their sole assignment of error, the Krantzes argue that the trial court erred by denying their motion for relief from judgment without a hearing. They contend that their motion was timely filed under Civ.R. 60(B) and that they presented a meritorious defense that warranted vacatur of the judgment.

{¶8} We review the trial court's ruling on a motion for relief from judgment pursuant to Civ.R. 60(B) for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶9} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion is properly overruled. *Strack v. Pelton,* 70 Ohio St.3d 172, 174, 1994-Ohio-107, 637 N.E.2d 914. Relief from judgment on a cognovit note is warranted pursuant to Civ.R. 60(B)(5) if the movant establishes a meritorious defense, in a timely application. *Agarwal v. Matthews*, 8th Dist. No. 96950, 2012-Ohio-161, ¶ 6.

{¶10} These requirements are independent and written in the conjunctive; therefore, all three must be clearly established in order to be entitled to relief. *GTE Automatic Elec.* at 151. They must be shown by "operative facts" that demonstrate the movant's entitlement to relief. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520

N.E.2d 564 (1988). Although the movant is not required to submit evidentiary material in support of the motion, the movant must do more than make bare allegations of entitlement to relief. *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 20, 1996-Ohio-430, 665 N.E.2d 1102. When the movant fails to demonstrate any of the three requirements under the *GTE* test, the court must deny the motion. *Rose Chevrolet* at 20.

{¶11} The Krantzes argue that because the cognovit notes arose from consumer loans, the trial court lacked jurisdiction to enter judgment against them on the notes. R.C. 2323.13(E) prohibits a warrant of attorney to confess judgment when the note arises out of a consumer loan. In support of their argument, the Krantzes rely on *Agarwal*, 8th Dist. No. 96950, 2012-Ohio-161, in which this court reversed a cognovit judgment that arose from a consumer loan used to make a down payment on a family home. *Id.* at ¶ 3, 8. However, not all loans for residential properties are consumer loans.

{¶12} In determining what constitutes a "consumer loan" under R.C. 2323.13(E), the Ohio Supreme Court explained:

R.C. 2323.13(E)(1) sets forth essentially four elements in the definition of consumer loan: (1) there must be a "loan"; (2) to a "natural person"; (3) by which a debt is incurred; (4) for primarily personal, family, educational or household purposes. There is no hint in this definition that real estate cannot serve primarily personal, family, educational or household purposes. Indeed, it is clear that the purchase of a home serves the most fundamental

of personal and family purposes. *Shore W. Constr. Co. v. Sroka*, 61 Ohio St.3d 45, 48, 572 N.E.2d 646 (1991).

**{¶13}** As in *Agarwal*, the Supreme Court in *Shore W.* held that a cognovit note that was used as a down payment on a family home was a consumer transaction under R.C. 2323.13 and that the trial court, therefore, did not have jurisdiction to enter judgment upon a warrant of an attorney.

**{¶14}** Despite the Krantzes' assertion that the cognovit notes at issue here arose from consumer loans, the evidence demonstrates that these loans were commercial loans. The notes were secured by mortgages in two separate residential properties, neither of which were the Krantzes' family home located at 24877 Letchworth Road, Beachwood, Ohio 44122. The terms of the notes, providing that the loans may be repaid when the properties are sold, suggests the properties were used for business purposes. Therefore, we are not persuaded that the cognovit notes arose out of a consumer loan or a consumer transaction, and we find the Krantzes failed to establish a meritorious defense.

**{¶15}** Moreover, a motion to vacate a default judgment, which is filed five years after the judgment was rendered and three and one-half years after paying the judgment, does not, on its face, satisfy the reasonable time requirement of the *GTE* test. *GTE*, 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. When a movant is aware that there are grounds for relief and delays filing the motion, the movant must provide a reasonable explanation for the delay. *Kaczur v. Decara*, 8th Dist. No. 67546, 1995-Ohio-3038 (Civ.R. 60(B) motion untimely filed when movant offered no reasonable

explanation for a nine-month delay in filing the motion); *Sec. Fed. Sav. & Loan Assn. of Cleveland v. Keyes*, 11th Dist. No. 89-G1524, 1990 Ohio App. LEXIS 2732 (June 29, 1990) (holding that failure to explain an 18-week delay in filing a motion to vacate the default judgment was untimely). In the absence of any evidence explaining the delay, the movant has failed to demonstrate the timeliness of the motion. *Mt. Olive Baptist Church v. Pipkins Paints & Home Improvement Ctr., Inc.*, 64 Ohio App.2d 285, 413 N.E.2d 850 (8th Dist.1979), paragraph two of the syllabus.

{¶16} The Krantzes argue that pursuant to this court's decision in *Ameritrust Co. v. Spigutz*, 8th Dist. No. 84199, 2004-Ohio-6014, the requirements of Civ.R. 60(B) do not apply when the movant challenges the court's personal jurisdiction. However, the movants in *Ameritrust* argued that they were never served with the complaint. Here, Blue Durham obtained judgment against the Krantzes pursuant to two cognovit notes in which they waived the issuance of service of process. There is no question that the court had personal jurisdiction over the Krantzes.

{¶17} It is undisputed that the Krantzes became aware of the judgment against them in October 2007. They participated in debtor's examinations in 2008 and attempted to negotiate a settlement after the judgment. They ultimately paid the debt in full three and one-half years before filing the motion for relief from judgment. They have not offered any explanation for their delay in seeking relief from the judgment. Therefore, their motion for relief from judgment was untimely.

**{¶18}** Because the Krantzes failed to establish a meritorious defense and because their motion was untimely, we find no abuse of discretion in the trial court's judgment denying their motion for relief from judgment.

**{¶19}** The Krantzes' sole assignment of error is overruled.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA A. BLACKMON, J., CONCUR