[Cite as *ABL Wholesale Distribs., Inc. v. Gas*, 2014-Ohio-2268.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100256

---

# ABL WHOLESALE DISTRIBUTORS, INC.

### PLAINTIFF-APPELLEE

vs.

# CLARK GAS, ET AL.

### DEFENDANTS-APPELLANTS

---

### JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-746774

**BEFORE:** Kilbane, J., Keough, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 29, 2014

**ATTORNEY FOR APPELLANTS**

Nate N. Malek
Law Office of Nate N. Malek, L.L.C.
29025 Bolingbrook Road
Cleveland, Ohio 44124

**ATTORNEYS FOR APPELLEE**

Robert N. Lurie
Mark Brncik
Hilary Michael
James Oh
Javitch, Block & Rathbone
1100 Superior Avenue, 19th Floor
Cleveland, Ohio 44114

MARY EILEEN KILBANE, J.:

{¶1} Defendants-appellants, Clark Gas and Hamid Sarkis ("Sarkis") (collectively referred to as "defendants"), appeal from trial court's order that denied their motion for relief from a cognovit judgment obtained by plaintiff-appellee, ABL Wholesale Distributors, Inc. ("ABL Wholesale"). For the reasons set forth below, we reverse and remand.

{¶2} On January 25, 2011, ABL Wholesale filed a complaint on a credit application against Clark Gas and Sarkis alleging that $97,756.73 is due on an account for merchandise. According to ABL Wholesale, Sarkis, as individual guarantor of Clark Gas, completed a credit application that provided for the creation of an open account promissory note with cognovit provisions "such that if the applicant fails to pay pursuant to the terms thereof, [Sarkis] authorizes an attorney to appear * * * in an action to collect upon such amount past due, to waive issuance of service of process, and to confess judgment in favor of ABL Wholesale Distributors, Inc." This document also contained a cognovit warning that if he failed to repay the account as required, judgment could be obtained against him without notice or a trial. In support of the complaint, ABL Wholesale attached the affidavit of its credit manager, Kevin Johnson ("Johnson"), who averred that defendants owe ABL Wholesale $97,756.73 on the account.

{¶3} On January 25, 2011, an answer confessing judgment was filed on behalf of defendants, in accordance with the cognovit terms of the account, and the trial court

entered judgment in favor of ABL Wholesale for $97,756.73, plus 4 percent interest and costs.

{¶4} On March 8, 2012, defendants filed a motion for relief from the judgment. In support of this motion, Sarkis averred that he did not sign the open account promissory note document at issue, and that he "cannot speak or understand, * * * read or write in English." Defendants therefore maintained that the cognovit warning on the note did not satisfy R.C. 2323.13(D). Defendants also argued that the cognovit judgment was invalid because it did not contain a warrant of attorney authorizing an attorney to appear and confess judgment as required under R.C. 2323.13(A). The trial court denied defendants' motion for relief from judgment on April 3, 2012.

{¶5} ABL Wholesale filed pleadings in aid of execution of its judgment on May 3, 2012. At about that same time, Sarkis appeared for a debtor's examination in another matter involving an open account promissory note, with cognovit provisions that ABL Wholesale issued at another service station owned by Sarkis. *See generally ABL Wholesale Distribs., Inc. v. Quick Shop*, 8th Dist. Cuyahoga No. 97897, 2012-Ohio-3576 ("*ABL Wholesale Distribs. I*"). On August 9, 2012, this court released its decision in the other matter. *Id.* In that case, this court stated:

> [D]efendants maintained that the credit application that provided for the creation of an open account promissory note failed to meet the requirements for cognovit notes set forth in R.C. 2323.13 and, more specifically, did not contain a warrant of attorney. Sarkis also averred that he did not sign the note, that he does not read or write in the English language, and that he could not understand the provisions of the document at issue, including the cognovit language. We find that Sarkis's affidavit and allegations set forth operative facts involving improper conduct in obtaining the debtor's

signature and therefore challenge the integrity and validity of the cognovit note. Accordingly, we conclude that defendants provided sufficient operative facts that would support a meritorious defense to the judgment, and therefore, entitled defendants to a hearing to take evidence and verify the facts before ruling upon the motion. As a result, the trial court abused its discretion when it failed to conduct a hearing before denying the motion for relief from judgment filed by defendants.

*Id*. at ¶ 14.

**{¶6}** On June 26, 2013, subsequent to this court's decision in *ABL Wholesale Distribs. I*, defendants filed a renewed motion for relief from judgment in the instant matter. Defendants renewed their assertion that Sarkis cannot read, write, or understand English, and that he did not sign the open account promissory note. They also urged the trial court to apply this court's holding in *ABL Wholesale Distribs. I* and to vacate the cognovit judgment.[1]

**{¶7}** In opposition, ABL Wholesale argued that the renewed motion for relief from judgment involved the same issues as defendants' March 8, 2012 motion that the trial court had previously denied. ABL Wholesale also argued that the renewed motion was not filed within a "reasonable time," as required by Civ.R. 60(B).

**{¶8}** On August 2, 2013, the trial court determined that the defendants' renewed motion for relief from judgment was untimely and denied it. Defendants now appeal and assign the following errors for our review:

---

[1]The docket in *ABL Wholesale Distribs. I* further reflects that after this court remanded the matter, the trial court held an evidentiary hearing, with an interpreter for Sarkis. The trial court vacated the cognovit judgment on December 5, 2012. On September 17, 2013, the trial court awarded ABL Wholesale summary judgment, and on February 26, 2014, the matter was settled.

Assignment of Error One

The trial court erred when it denied Defendants' Motion for Relief.

Assignment of Error Two

The trial court erred when it failed to hold an oral hearing on Defendants'

Motion for Relief.

{¶9} Cognovit notes contain provisions designed to cut off defenses available to

a debtor in the event of default. *Huntington Natl. Bank v. Royal Mt. Sterling Corp*., 10th

Dist. Franklin No. 12AP-174, 2012-Ohio-4514, ¶ 11. Cognovit judgments are subject to

Civ.R. 60(B) relief from judgment, however. *Id*. at ¶ 12. We review a judgment

regarding Civ.R. 60(B) relief for an abuse of discretion. *Benesh, Friedlander, Coplan &*

*Aronoff, L.L.P. v. Software, Inc*., 8th Dist. Cuyahoga No. 91708, 2009-Ohio-1617, ¶ 13.

{¶10} Civ.R. 60(B) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or

his legal representative from a final judgment, order or proceeding for the

following reasons: (1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been

discovered in time to move for a new trial under Rule 59(B); (3) fraud

(whether heretofore denominated intrinsic or extrinsic), misrepresentation

or other misconduct of an adverse party; (4) the judgment has been

satisfied, released or discharged, or a prior judgment upon which it is based

has been reversed or otherwise vacated, or it is no longer equitable that the

judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *

**{¶11}** In *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus, the Ohio Supreme Court held that to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶12}** In the instant case, ABL Wholesale insists that defendants' renewed motion for relief from judgment was not timely since it was filed nine and one-half months after this court's decision in *ABL Wholesale Distribs. I,* and there was no explanation for the delay. ABL Wholesale additionally claims that the renewed motion for relief from judgment was properly denied by operation of res judicata because the trial court denied the first motion for relief from judgment on April 2, 2013.

**{¶13}** With regard to the timeliness of the motion, we note that in general, a party may file a motion to vacate a judgment up to one year after the entry of judgment, but the motion is also subject to the "reasonable time" provision of Civ.R. 60(B). *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 102, 316 N.E.2d 469 (8th Dist.1974). The reasonableness of the time period is dependent upon the facts and circumstances of the

particular case. *Simmons v. Simmons*, 8th Dist. Cuyahoga No. 97975, 2012-Ohio-4164, ¶ 8. The movant bears the burden of submitting factual material that demonstrates the timeliness of the motion. *Adomeit* at 103; *Youssefi v. Youssefi*, 81 Ohio App.3d 49, 610 N.E.2d 455 (9th Dist.1991). When a movant is aware that there are grounds for relief and delays filing the motion, the movant must provide a reasonable explanation for the delay. *Blue Durham Props., L.L.C. v. Krantz*, 8th Dist. Cuyahoga No. 99201, 2013-Ohio-2098, ¶ 15; *Kaczur v. Decara*, 8th Dist. Cuyahoga No. 67546, 1995 Ohio App. LEXIS 3038 (July 20, 1995) (Civ.R. 60(B) motion deemed untimely filed when movant offered no reasonable explanation for a nine-month delay in filing the motion).

{¶14} We note, however, that a trial court's jurisdiction over cognovit notes is governed by R.C. 2323.12 and 2323.13, and these statutory requirements must be met in order for a valid judgment to be granted upon a cognovit note, or for a court to have subject matter jurisdiction over it. *Park View Fed. Sav. Bank v. Village Builders Ltd.*, 8th Dist. Cuyahoga Nos. 98554, 98555, and 98556, 2013-Ohio-2994, ¶ 10, citing *Klosterman v. Turnkey-Ohio, L.L.C.*, 182 Ohio App.3d 515, 2009-Ohio-2508, 913 N.E.2d 993 (10th Dist.), *Buehler v. Mallo*, 10th Dist. Franklin No. 10AP-84, 2010-Ohio-6349. Our review of the issue of subject matter jurisdiction is de novo. *Id*.

{¶15} In *Solomon v. Vizurraga*, 8th Dist. Cuyahoga No. 87160, 2006-Ohio-3841, this court allowed a Civ.R. 60(B) challenge to a cognovit judgment under the present grounds despite a nearly four-year gap between the judgment and the motion to vacate. This court explained:

[l]ack of subject matter jurisdiction can never be waived, and it can be raised at any point in the proceedings. Subject matter jurisdiction does not relate to the rights of the parties (which a party can either affirmatively waive, or constructively waive, as in laches) but rather relates to the power of the court to hear and decide a controversy. The parties by their action, or inaction, cannot create a power in a court that is not there.

*See also Agarwal v. Matthews*, 8th Dist. Cuyahoga No. 96950, 2012-Ohio-161, ¶ 9. *Id.* at ¶ 12.

{¶16} Further, claims involving subject matter jurisdiction are not barred by the doctrine of res judicata because subject matter jurisdiction cannot be waived. *State v. Lomax*, 96 Ohio St.3d 318, 2002-Ohio-4453, 774 N.E.2d 249, ¶ 17.

{¶17} In this matter, defendants filed the renewed motion for relief from judgment on June 26, 2013, or nine and a one-half months after this court issued its ruling in *ABL Wholesale Distribs. I*. No specific explanation was offered for the delay, but the record indicates that the renewed motion was filed several months after the completion of litigation in *ABL Wholesale Distribs. I*. Moreover the renewed motion for relief from judgment challenged, inter alia, the absence of a warrant of attorney as required under R.C. 2323.13(A), and therefore challenged the subject matter jurisdiction to enter a cognovit judgment. As such, the motion was timely under *Solomon*. We therefore conclude that the trial court erred in denying defendants' renewed motion for relief from judgment as untimely.

{¶18} In addition, we conclude, as we previously found in *ABL Wholesale Distribs. I*, that "Sarkis's affidavit and allegations set forth operative facts involving

improper conduct in obtaining the debtor's signature and therefore challenge the integrity and validity of the cognovit note." *Id*. at ¶ 14. Accordingly, we conclude that the defendants provided sufficient operative facts that would support a meritorious defense to the judgment, and therefore, entitled the defendants to a hearing to take evidence and verify the facts before ruling upon the motion.

{¶19} The second assignment of error is well taken.

{¶20} In light of our disposition of the second assignment of error, we overrule the first assignment of error as moot. *See* App.R. 12(A)(1)(c).

{¶21} The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
PATRICIA A. BLACKMON, J., CONCUR