[Cite as *ABL Wholesale Distribs., Inc. v. Quick Shop*, 2012-Ohio-3576.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97897**

# ABL WHOLESALE DISTRIBUTORS, INC.

PLAINTIFF-APPELLEE

vs.

# QUICK SHOP, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-729493

**BEFORE:**   Kilbane, J., Blackmon, A.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   August 9, 2012

**ATTORNEY FOR APPELLANTS**

Nate N. Malek
Law Office of Nate N. Malek, LLC
29025 Bolingbrook Road
Cleveland, Ohio 44124

**ATTORNEYS FOR APPELLEE**

James Oh
Stephan P. Babik
Robert N. Lurie
Javitch, Block, Eisen & Rathbone, LLC
1100 Superior Avenue - 19th Floor
Cleveland, Ohio 44114

MARY EILEEN KILBANE, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendants-appellants, Quick Shop ("Quick Shop") and Hamid Sarkis ("Sarkis"), appeal from the order of the trial court that denied their motion for relief from a cognovit judgment obtained by ABL Wholesale Distributors, Inc. ("ABL"). For the reasons set forth below, we reverse and remand this matter for a hearing on defendants' motion for relief from judgment.

{¶3} On June 17, 2010, ABL filed a complaint against Sarkis and Quick Shop alleging that $25,927.14 is due on an account for merchandise. According to ABL, Sarkis, as Individual Guarantor of Quick Shop, completed a credit application that provided for the creation of an open account promissory note with cognovit provisions, "such that if the Applicant fails to pay pursuant to the terms thereof, the undersigned authorizes any attorney to appear on behalf of the undersigned Guarantor in an action to collect upon such amount past due, to waive issuance of service of process, and to confess judgment in favor of ABL Wholesale Distributors, Inc. against Guarantor." This document also contained a cognovit warning, pursuant to R.C. 2323.13(D).

**{¶4}** On June 17, 2010, an answer confessing judgment was filed on behalf of the defendants through a warrant of attorney. The trial court entered judgment in favor of ABL for $25,927.14.

**{¶5}** On December 17, 2010, defendants filed a motion to vacate the cognovit judgment, alleging that there was no warrant of attorney in this matter as required under R.C. 2323.13(A). Sarkis also averred that he did not sign the document at issue, and that he "cannot speak, read, write or otherwise understand English [and the] statutorily required warning was essentially useless as the Defendant could not have possibly understood it."

**{¶6}** The trial court scheduled a hearing on the motion on March 22, 2011, and the hearing on the motion was reset to May 20, 2011, and then to October 13, 2011. The court held telephone conferences on August 16, 2011, and December 12, 2011. According to the parties, no hearing before the court was held on that date. In an order journalized on January 3, 2012, the trial court denied the motion filed by defendants to vacate the cognovit judgment.

**{¶7}** Defendants appeal, raising two assignments of error for our review.

ASSIGNMENT OF ERROR TWO

The trial court erred when it failed to hold an oral hearing on Defendants' Motion to Vacate.

**{¶8}** Civ.R. 60(B) governs motions for relief from judgment and provides in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.  * * *

{¶9} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Indus., Inc*., 47 Ohio St.2d 146, 351 N.E.2d

113 (1976), paragraph two of the syllabus.

{¶10} The moving party fails the *GTE* test by not meeting any one of the three

requirements.  *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564

(1988).   Ohio courts have determined, however, that in cognovit proceedings, the movant

need only demonstrate that the motion was timely made and that he has a meritorious

defense.   *See Medina Supply Co. v. Corrado*, 116 Ohio App.3d 847, 850-851, 689

N.E.2d 600 (8th Dist.1996), citing *Soc. Natl. Bank v. Val Halla Athletic Club &*

*Recreation Ctr., Inc*., 63 Ohio App.3d 413, 579 N.E.2d 234 (9th Dist.1989).

{¶11} A party who files a Civ.R. 60(B) motion for relief from judgment is not

automatically entitled to a hearing on the motion.   Instead, the movant bears the burden

to demonstrate that he or she is entitled to a hearing on the motion. *Id.* To warrant a hearing on a Civ.R. 60(B) motion, the movant must allege operative facts that would warrant relief under Civ.R. 60(B). *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 1996-Ohio-430, 665 N.E.2d 1102. A movant is not required to submit evidentiary material in support of the motion, but a movant must do more than make bare allegations of entitlement to relief. *Id.*

{¶12} If the movant files a motion for relief from judgment and it contains allegations of operative facts that would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion. *Coulson v. Coulson,* 5 Ohio St. 3d 12, 448 N.E.2d 809 (1983), citing *Adomeit v. Baltimore,* 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). A "trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." *Marc Glassman*, 76 Ohio St.3d at 19.

{¶13} In the case at bar, defendants' motion was filed six months after the entry of the cognovit judgment, and plaintiff does not challenge the timeliness of the motion. As to the issue of whether defendants demonstrated a meritorious defense, we note that in general, "[a] cognovit note contains provisions designed to cut off defenses available to a debtor in the event of default." *Classic Bar & Billiards, Inc. v. Fouad Samaan,* 10th Dist. No. 08AP-210, 2008-Ohio-5759, ¶ 8. By definition, cognovit notes cut off every defense, except payment, which the maker of the note may have against enforcement of

the note. *First Natl. Bank of Pandora v. Freed,* 3d Dist. No. 5-03-36, 2004-Ohio-3554, ¶ 9, quoting *Advanced Clinical Mgmt., Inc. v. Salem Chiropractic Ctr., Inc*., 5th Dist. No. 2003CA00108, 2004-Ohio-120, ¶ 18. Ohio courts have also recognized additional meritorious defenses involving the integrity and validity of cognovit notes, including: "improper conduct in obtaining the debtor's signature on the note; deviation from proper procedures in confessing judgment on the note; and miscalculation of the amount remaining due on the note at the time of confession of judgment." *Freed* at ¶ 9.

{¶14} Here, defendants maintained that the credit application that provided for the creation of an open account promissory note failed to meet the requirements for cognovit notes set forth in R.C. 2323.13 and, more specifically, did not contain a warrant of attorney. Sarkis also averred that he did not sign the note, that he does not read or write in the English language, and that he could not understand the provisions of the document at issue, including the cognovit language. We find that Sarkis's affidavit and allegations set forth operative facts involving improper conduct in obtaining the debtor's signature and therefore challenge the integrity and validity of the cognovit note. Accordingly, we conclude that defendants provided sufficient operative facts that would support a meritorious defense to the judgment, and therefore, entitled defendants to a hearing to take evidence and verify the facts before ruling upon the motion. As a result, the trial court abused its discretion when it failed to conduct a hearing before denying the motion for relief from judgment filed by defendants.

**{¶15}** This assignment of error is sustained, and the matter is remanded to the trial court to conduct a hearing on the motion for relief from judgment.

### ASSIGNMENT OF ERROR ONE

The trial court erred when it denied Defendants' Motion to Vacate.

**{¶16}** In the first assignment of error, defendants argue that the trial court erred and abused its discretion by denying their motion for relief from judgment. In light of our disposition of the second assignment of error, we overrule the first assignment of error as moot. *See* App.R. 12(A)(1)( c).

**{¶17}** Judgment is reversed and the matter is remanded for a hearing on the motion for relief from judgment.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

PATRICIA A. BLACKMON, A.J., and
EILEEN A. GALLAGHER, J., CONCUR