[Cite as *Chancellor's Learning Sys., Inc. v. Arlington*, 2013-Ohio-582.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98541

---

# CHANCELLOR'S LEARNING SYSTEMS, INC.

### PLAINTIFF-APPELLANT

vs.

# SHIRLEY ARRINGTON

### DEFENDANT-APPELLEE

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Garfield Heights Municipal Court
Case No. CVF 1200120

**BEFORE:**   McCormack, J., S. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   February 21, 2013

**ATTORNEYS FOR APPELLANT**

Rosemary Taft Milby
Daniel A. Friedlander
Weltman Weinberg & Reis
323 W. Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Ronald I. Frederick
Michael L. Berler
Ronald Frederick & Associates
1370 Ontario Street
Suite 1240
Cleveland, Ohio 44113

TIM McCORMACK, J.:

{¶1} Plaintiff-appellant, Chancellor's Learning Systems, Inc. ("Chancellor"), appeals the trial court's decision granting defendant-appellee, Shirley Arrington's ("Arrington"), motion for relief from judgment. In its order, the trial court vacated the default judgment previously entered against Arrington.

**Substantive Facts and Procedural History**

{¶2} On January 17, 2012, Chancellor filed a complaint against Arrington for breach of contract. The record reflects that Arrington was served with the complaint. Chancellor then filed a motion for default judgment on March 6, 2012, due to Arrington's failure to timely file an answer or otherwise respond to Chancellor's complaint. The trial court granted Chancellor's motion. Thereafter, on March 13, 2012, Arrington filed a motion to vacate the default judgment, pursuant to Civ.R. 60(B)(1), stating that her failure to respond to Chancellor's complaint was due to inadvertence or excusable neglect. The court conducted a hearing on the motion to vacate on April 9, 2012.

{¶3} During the hearing, in response to the court's inquiry about possible resolution of the matter, Arrington's counsel informed the court that the parties had not discussed settlement but he would be willing to do so, because he did not "desire to proceed with another class action against [Chancellor]," as he had already resolved one prior class action lawsuit against Chancellor. He further stated that Chancellor is "suing

for a bunch of product that [Arrington] never received and it's their pattern and practice to do that." Counsel for Arrington advised the court that Chancellor provides study guides to nursing students, charging them $345 for books the students could, essentially, borrow from the library. According to counsel, these books are delivered to the students after they have completed two books. He further noted that Chancellor charges the students $1,195 for a lab that they "sell more of than they have capacity to perform by almost a factor of three."

{¶4} The court, in noting that Arrington was served of the complaint in January, asked counsel why "it [took] Mrs. Arrington so long to see [counsel]." Arrington's attorney, in response, informed the court that Arrington called Chancellor on her own, apparently at some point upon receiving the complaint, to "see what she could do." Arrington was told that she could pay $3,000, and Chancellor would send her "the rest of the books." Chancellor's counsel provides, however, that Arrington should have responded to its complaint, stating that she has been sued before and, therefore, she should have known that a response was required.

{¶5} At the close of the hearing, the court granted Arrington's motion and vacated the default judgment previously entered. Chancellor now appeals the decision of the trial court.

### Assignments of Error

I.    It is reversible error to vacate a default judgment under Civ.R. 60(B) when the movant fails to show excusable neglect.

II.     It is reversible error to vacate a default judgment under Civ.R. 60(B) when the movant's sole basis for a meritorious defense was based upon argument without operative facts.

**Standard of Review**

{¶6}  This court reviews Civ.R. 60(B) motions under an abuse of discretion standard.  *Render v. Belle*, 8th Dist. No. 93181, 2010-Ohio-2344, ¶ 8, citing *Associated Estates Corp. v. Fellows*, 11 Ohio App.3d 112, 463 N.E.2d 417 (8th Dist.1983).  An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable."  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).  In reviewing for an abuse of discretion, this court does not substitute its judgment for that of the trial court.  *In re Jane Doe I*, 57 Ohio St.3d 135,138, 566 N.E.2d 1181 (1990), citing *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).  The test is not whether this court would have granted or denied the motion; rather, it is "whether the trial court, being in the best position to judge the cases on its docket, abused its broad discretion * * *."  *Collins Fin. Serv. v. Murray*, 11th Dist. No. 2008-P-0095, 2009-Ohio-4619, ¶ 18.

## Law and Analysis

**{¶7}** In its first assignment of error, Chancellor argues that Arrington should not prevail on her motion for relief filed pursuant to Civ.R. 60(B) because she has not demonstrated "excusable neglect." It maintains that Arrington's misunderstanding of the consequences of failing to timely answer a complaint is an insufficient basis for establishing excusable neglect. Chancellor also argues, in its second assignment of error, that Arrington failed to allege sufficient operative facts that would demonstrate a potentially meritorious defense.

**{¶8}** In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must establish that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Failure to prove any of the three elements is fatal to the motion, as the elements are "independent and in the conjunctive, not the disjunctive." *Id.* at 151.

**{¶9}** Civ.R. 60(B) delineates various means by which a party can obtain relief from a final judgment:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation

or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B). The rule further provides that the motion "shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." *Id.*

## I. Meritorious Defense

{¶10} Chancellor argues that Arrington fails to provide sufficient evidence or operative facts in support of a meritorious defense, as required by the first element outlined in the *GTE* test.[1] In establishing this element, the moving party is not required to attach evidentiary material to his or her motion for relief from judgment. *ABL Wholesale Distribs., Inc. v. Quick Shop*, 8th Dist. No. 97897, 2012-Ohio-3576, ¶ 11. If the movant files a motion for relief under Civ.R. 60(B) and it contains allegations of operative facts that would warrant relief, the trial court should grant a hearing on such motion. *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974).

{¶11} In this case, Arrington argued to the trial court that she had a meritorious defense. At the hearing on Arrington's motion to vacate the default judgment, Arrington's attorney asserted that Arrington was not liable for her debt because she never

---

[1] For ease of discussion, the court has re-arranged the order of Chancellor's assignments of error in its analysis.

received the goods for which she contracted, stating that Chancellor is "suing for a bunch of product that [Arrington] never received." He further provided that Chancellor charges the students $1,195 for a lab that they "sell more of than they have capacity to perform by almost a factor of three." If these statements are true, Arrington has demonstrated that she has a meritorious defense to Chancellor's claim. We find, therefore, that the trial court did not abuse its discretion by concluding that the first element of the *GTE* test was satisfied. Accordingly, Chancellor's second assignment of error is without merit.

## II. Excusable Neglect

{¶12} Arrington moved to vacate the default judgment entered against her pursuant to Civ.R. 60(B)(1), claiming inadvertence or excusable neglect. Chancellor argues that Arrington should not prevail on her motion for relief because she has not demonstrated "excusable neglect" sufficient to satisfy the second element of the *GTE* test. It asserts that Arrington's misunderstanding of the consequences of failing to timely answer a complaint is an insufficient basis for establishing excusable neglect under Civ.R. 60(B)(1).

{¶13} Arrington maintains that she did not understand the effect of not answering the complaint in a timely manner. In support of this argument, Arrington states that she phoned Chancellor at some point upon receiving its complaint "to see what she could do" and she was told that she should pay $3,000 and the remaining books would be delivered to her. Upon receiving Chancellor's motion for default judgment, Arrington claims that

she immediately contacted counsel. Within one week, with the assistance of counsel, Arrington filed her motion to vacate the default judgment.

{¶14} The term "excusable neglect" is "an elusive concept which has been difficult to define and to apply." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). The moving party's actions, however, cannot be viewed as "a complete disregard for the judicial system." *Kay* at 20, citing *GTE* at 153. Courts must take into consideration all of the facts and circumstances of the case in order to make such a determination. *Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980). This court, in following the standard of review for excusable neglect established by the United States Supreme Court, has noted that such circumstances necessarily include "the danger of prejudice to the [movant], the length of delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Russo v. Fonseca*, 8th Dist. No. 98527, 2012-Ohio-5714, ¶ 22, citing *Cleveland Mun. School Dist. v. Farson*, 8th Dist. No. 89525, 2008-Ohio-912, ¶ 12, quoting *Pioneer Invest. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

{¶15} Moreover, courts must be mindful of the fact that Civ.R. 60(B) is a remedial rule that must be liberally construed "with a view toward effecting a just result." *Colley* at 248. Where timely relief is sought from a default judgment and the moving party has a meritorious defense, "'doubt, if any, should be resolved in favor of the motion to set

aside the judgment so that cases may be decided on their merits.'" *Collins Fin. Serv.,* 11th Dist. No. 2008-P-0095, 2009-Ohio-4619, ¶ 26, quoting *GTE* at paragraph three of the syllabus.

{¶16} In this case, the trial court conducted a hearing on Arrington's motion to vacate the default judgment. The record indicates that Arrington stated that she phoned Chancellor at some point upon receiving its complaint "to see what she could do" to resolve the matter. Arrington was told that she should pay $3,000 and Chancellor would send her additional books. These statements are offered in support of Arrington's "excusable neglect." Chancellor provides that Arrington's neglect is not excusable because she has been sued before and, therefore, she should have known that an answer was required. Under these facts, however, and in the interests of deciding cases on their merits, we cannot conclude that the trial court abused its broad discretion in determining that Arrington had established excusable neglect sufficient to satisfy the second element of the *GTE* test. Accordingly, Chancellor's first assignment of error is without merit.[2]

{¶17} Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

---

[2] This court does not address the third element of the *GTE* test ("the motion is made within a reasonable time"), because it is undisputed by the parties that Arrington's motion was timely filed, and Chancellor did not address this element in its assignments of error.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

SEAN C. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR