Matthias, J.
 

 The sufficiency of the averments of the amended petition to state a cause of action is challenged by the demurrer. Plaintiff evidently sought to frame the amended petition pursuant to and in accordance with the provisions of Section 11334, General Code, specifying a so-called short form of pleading in a cause of action based upon an instrument for the' payment of money only. Section 11334, General Code,, provides as follows:
 

 “In an action, counterclaim, or set-off, founded upon an account, or upon an instrument for the unconditional payment of money only, it shall be sufficient for a. party to set forth a copy of the account or instrument,, with all credits and the indorsements thereon, and to. state that there is due to him, on such account or instrument, from the adverse party, a specified sum which he claims, with interest. When others than the-makers of a promissory note, or the acceptors of a bill of exchange, are parties, the facts which fix their liability also must be stated.”
 

 It is contended, however, that if it be assumed that the instrument sued upon comes within the provisions, of Section 11334, General Code, the amended petition is fatally defective because of the absence of the-phrase, “which he claims.” In determining the sufficiency of the pleading in question, this court must give the amended petition a liberal construction. Section’. 11345, General Code, provides:
 

 
 *142
 
 “The allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties.”
 

 Following and applying this admonition, it must be concluded that the mere omission of the phrase, “which he claims,” does not render the amended petition vulnerable to a demurrer when, as here, it is evident from the language used what the plaintiff claims. Bates’ Pleading, Practice, Parties & Forms (4 Ed.), 913, Section 974c:
 

 Exhibit B, attached to and made a part of the petitidn, may be regarded as surplusage, except insofar as it shows credits for payments conceded to have been made on the note.
 

 The only other question presented is whether the instrument involved in this action is an instrument for the unconditional payment of money only, within the purview of Section 11334, G-eneral Code. It has been argued by the appellant that because the amended petition of the plaintiff does not expressly aver that it has title to the instrument in question the demurrer should have been sustained on that ground alone. With that contention we are not in accord for the reason that i‘whether the plaintiff be an original party to the note or not, the extrinsic facts, which show his right or title to the note, need not be expressly averred. The allegation of title is implied, by force of the statute, in the statement that there is due to him a specific amount on the note which he claims.”
 
 Sargent
 
 v.
 
 Railroad Co.,
 
 32 Ohio St., 449;
 
 Schrock
 
 v.
 
 Cleveland, Recr.,
 
 29 Ohio St., 499.
 

 The question which defendant seeks to present is one for consideration upon motion rather than general demurrer.
 

 If there is any objection to the amended petition of the plaintiff, it must arise from the claim that the action is based upon an instrument which does not provide
 
 *143
 
 for the unconditional payment of money only. Defendant contends that since the note provides that the maker should pay installments “as best can do” (which phrase was written in a blank space in the printed form), the plaintiff is required to allege some breach of the condition of the note which brings it to-maturity.
 

 The fact that a note is payable in installments doe» not destroy the negotiable character of the note. Section 8107, General Code, provides:
 

 “The sum payable is a sum certain within the meaning of this chapter although it is to be paid; * * *
 

 “2. By stated installments; or
 

 *
 
 ‘
 
 3. By stated installments; or with a provision that upon default in payment of any installment or of interest, the whole shall become due * * *.”
 

 Neither does the fact that a note is secured by collateral destroy the negotiability thereof. Section 8110,, General Code, provides:
 

 “An instrument which contains an order or promise to do any act in addition to the payment of money is not negotiable. But the negotiable character of an instrument otherwise negotiable is not affected by a provision which:
 

 “1. Authorizes the sale of collateral securities in case the instrument be not paid at maturity; * * *
 

 “But nothing in this section shall validate any provision or stipulation otherwise illegal.”
 

 'It is to be observed that the sum to be paid in each monthly installment is not stated in the note sued upon and is therefore indefinite and uncertain. Standing-alone, the provision that upon “default of any installment, the entire sum shall, at the option of the holder,, become due and payable” necessarily would give rise' to controversy as to when a default had occurred.
 

 Even in such situation, however, the provisions of Section 8112, General Code, would make the note payable on demand. It provides:
 

 
 *144
 
 “An instrument is payable on demand: * * *
 

 “2. In which no time for payment is expressed.”
 

 The true intent of this instrument is readily determined from the first paragraph thereof wherein it is stated that the note is due upon demand. The words, “On demand I promise to pay to the order of Otis
 
 &
 
 Co.,” are clear and unambiguous and require no construction or interpretation. It is well settled that a promissory note payable on demand is due upon delivery thereof, and therefore the filing of an action is in itself a sufficient demand against the maker of a note to sustain the action and no demand for payment is required prior thereto.
 
 Hill
 
 v.
 
 Henry,
 
 17 Ohio, 9;
 
 Darling
 
 v.
 
 Wooster,
 
 9 Ohio St., 517.
 

 It follows that the Court of Appeals was correct in its holding that the Court of Common Pleas was in error in sustaining the demurrer to the amended petition and in entering a judgment dismissing same. The judgment of the Court of Appeals is accordingly affirmed.
 

 Judgment affirmed.
 

 "Weygandt, C. J., Hart and Williams, JJ., concur.
 

 Zimmerman, Bell and Turner, JJ., dissent.