FOGG, APPELLEE, *v.* FRIESNER, APPELLANT.

(No. WD-88-18—Decided November 18, 1988.)

*Jeffrey A. Nelson,* for appellee.
*H. Buswell Roberts, Dean E. Sheldon III* and *Donald D. Simmons,* for appellant.

*Per Curiam.* This cause is before the court on appeal from a judgment of the Wood County Court of Common Pleas.

On February 18, 1988, plaintiff-appellee, Raymond B. Fogg, filed a complaint on two cognovit notes signed by defendant-appellant Charles E. Friesner. The complaint alleged that both notes were due and that appellant had refused to pay them.

Judgment was entered in favor of appellee on February 23, 1988. The award was for the aggregate sum of $74,940.49 with interest at the rate of ten percent per annum from and after January 31, 1988, and costs of the action. It is from this judgment that appellant appeals asserting the following four assignments of error:

"I. The trial court erred in entering judgment on the cognovit promissory notes because Rule 7.02 of the Local Rules of the Common Pleas Court of Wood County states that no judgment will be granted upon a cognovit note without proper service of the complaint and the opportunity to answer.

"II. The trial court erred in entering judgment for plaintiff on the cognovit note because no demand was made for payment as required by the note before judgment could be entered.

"III. The trial court erred in entering judgment for plaintiff on the

cognovit note because the statutory language required for a waiver of rights did not appear 'in such type size or distinctive marking that it appears more clearly and conspicuously than anything else in [*sic*] the document' as expressly required under O.R.C. Section 2323.13(D).

"IV. The trial court erred in entering judgment for plaintiff on the cognovit note because plaintiff has failed to produce the original warrant of attorney as required under O.R.C. Section 2323.13(A)."

In appellant's first assignment of error, he asserts that the trial court erred in entering judgment on the cognovit promissory note. Appellant specifically argues that appellee failed to comply with Loc. R. 7.02 of the Wood County Court of Common Pleas.[1] This rule calls for proper service of the complaint and an opportunity to answer. It is well-established that:

"The very purpose of cognovit notes is to permit the note holder to obtain judgment without a trial of possible defenses which the signers of the notes might assert." *Hadden* v. *Rumsey Products, Inc.* (C.A. 2, 1952), 196 F. 2d 92, 96, 64 Ohio Law Abs. 568, 572, 49 O.O. 19, 21.

Thus, by requiring notice and a response before judgment, Loc. R. 7.02 defeats the purpose of cognovit notes.

In the case *sub judice,* appellant agrees that judgment was entered pursuant to warrant of attorney. A warrant of attorney consented to by a debtor provides for waiver of prejudgment notice and hearing. *Matson* v. *Marks* (1972), 32 Ohio App. 2d 319, 61 O.O. 2d 476, 291 N.E. 2d 491. Accordingly, Loc. R. 7.02 is also in conflict with the purpose underlying warrants of attorney.

The Ohio Supreme Court has held that a local rule does not control over express requirements in a statute. *State, ex rel. Mothers Against Drunk Drivers,* v. *Gosser* (1985), 20 Ohio St. 3d 30, 20 OBR 279, 485 N.E. 2d 706. The applicable statute, R.C. 2323.13 (C), does not require notice of a judgment upon confession until after judgment has been rendered. Therefore, Loc. R. 7.02 was properly disregarded. For the above stated reasons, appellant's first assignment of error is found not well-taken.

In his second assignment of error, appellant argues that no demand for payment on the note was made before judgment was entered. Thus, he contends, the trial court erred in entering judgment for appellee.

If a note does not specify a maturity date, it will be due on demand. *Ranieri* v. *Terzano* (1983), 8 Ohio App. 3d 438, 8 OBR 563, 457 N.E. 2d 906. Furthermore, it has been held that "* * * the filing of an action is in itself a sufficient demand against the maker of a note to sustain the action and no demand for payment is required prior thereto." (Citation omitted.) *Union Properties, Inc.* v. *McHenry* (1943), 142 Ohio St. 136, 26 O.O. 339, 50 N.E. 2d 315.

In the present case, no specific maturity date appears on the cognovit note. Thus, it is due on demand and appellee properly demanded payment by filing suit. Accordingly, appellant's second assignment of error is found not well-taken.

In the third assignment of error, appellant asserts that the cognovit note did not comply with R.C. 2323.13

---

[1] "Rule 7.02 COGNOVIT NOTES No judgment will be granted upon a cognovit note upon the appearance of an attorney to confess judgment. A cognovit note shall be considered as any other note and proper service of the complaint and the opportunity to respond by answer is mandatory."

(D). This section requires that a warning of indebtedness be placed on the instrument "* * * directly above or below the space or spaces provided for the signature[s] of the makers, * * * in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document[.] * * *"

After an examination of the instrument, we find that appellee's cognovit note was in compliance with R.C. 2323.13(D). The required warning appears in capital letters and is single spaced. It is in a different form than the rest of the note and is clearly noticeable. Therefore, appellant's third assignment of error is found not well-taken.

In appellant's fourth assignment of error, it is asserted that appellee failed to comply with R.C. 2323.13(A). This provision requires an attorney who is confessing judgment in a case to submit a warrant of attorney to the court. In the case *sub judice,* appellee submitted a photographic copy of the original cognovit note. R.C. 2323.13(A) merely requires an attorney to "* * * produce the warrant of attorney * * * to the court before which he makes the confession."

The statute does not state that *copies* of a warrant of attorney are invalid. Accordingly, it was permissible for appellee to submit an accurate reproduction of the document. For this reason, appellant's fourth assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

RESNICK, P.J., CONNORS and GLASSER, JJ., concur.