OPINION
{¶ 1} Plaintiff-appellant Masters Tuxedo Charleston, Inc. appeals the decision of the Mahoning County Common Pleas Court to vacate a cognovit judgment entered against defendant-appellee Andrew Krainock. The issue before this court is whether Krainock presented evidence supporting his motion to vacate a cognovit judgment as is required by Civ.R. 60(B). For the reasons discussed below, the decision of the trial court is hereby affirmed.
 STATEMENT OF FACTS {¶ 2} In the interest of a business he owned, Krainock executed a cognovit promissory note in the amount of $113,000, in favor of Masters Tuxedo. The note, signed on August 1, 1996, contained a confession of judgment provision whereby Krainock authorized any attorney at law to appear in court and confess judgment against him in regards to the loan. Under the terms of the agreement, Krainock was to make monthly payments of $2,500 with the balance taxed at 8% annual interest.
 {¶ 3} Masters Tuxedo filed suit in January of 2002, alleging that Krainock owed $104,970.95. Included in the complaint were copies of the original promissory note and the confession of judgment, both signed by Krainock, as well as an affidavit of Masters Tuxedo, avowing to the pertinent facts of the matter. The confession of judgment was signed by an attorney and submitted. Judgment was entered against Krainock in the full amount of $104,970.95.
 {¶ 4} A copy of the judgment entry was served on Krainock. Upon receiving it, Krainock filed a motion to vacate the cognovit judgment and requested a hearing on the matter, claiming that the note had already been paid in full. The hearing was granted. The court granted Krainock's motion to vacate the cognovit judgment. Masters Tuxedo timely appealed from that judgment.
 ASSIGNMENT OF ERROR {¶ 5} "THE TRIAL COURT ERRED BY GRANTING THE DEFENDANT'S MOTION TO VACATE."
 {¶ 6} By signing the cognovit note, a debtor relinquishes the possibility of notice, hearing or appearance at an action to collect in the event of nonrepayment. Medina Supply Co., Inc. v. Corrado (1996),116 Ohio App.3d 847, 851. The purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of a trial. Fogg v. Friesner (1988), 55 Ohio App.3d 139, 140. To accomplish this, cognovit notes are accompanied by a warrant of attorney by which the debtor provides for the waiver of the prejudgment notice and hearing requirements. Id.
 {¶ 7} In the event that the debtor believes justice was not served by a judgment obtained by cognovit note, relief may be pursued through a Civ.R. 60(B) motion for relief from judgment. To make a successful Civ.R. 60(B) motion, a movant typically must establish the following: (1) he has a meritorious defense to present; (2) he is entitled to relief from judgment under Civ.R. 60(B)(1) through (5); and (3) the motion is timely. GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, 150-151. However, when the judgment from which relief is sought was entered on a cognovit note and, thus, was entered without notice to the defendant, the second GTE requirement is satisfied through Civ.R. 60(B)(5), any other reason justifying relief from judgment. MedinaSupply Co., 116 Ohio App.3d at 850-851; Second Natl. Bank v. Sorice, 7th Dist. No. 01 CA 63, 2002-Ohio-3204, at ¶ 9.
 {¶ 8} In the instant case, Masters Tuxedo argues that Krainock failed to set forth evidence supporting its motion for relief from judgment and, thus, the trial court erred in granting it. Masters Tuxedo claims that Krainock failed to sufficiently present a meritorious defense, the first element under Civ.R. 60(B). To fulfill this requirement, a movant need only allege a meritorious defense, not prove that he will prevail on that defense. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20. A reviewing court will not disturb a trial court's decision regarding a Civ.R. 60(B) motion unless there is an abuse of discretion. State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152,153. Discretion is abused only in cases where the court acted with an unreasonable, arbitrary, or unconscionable attitude. Syphard v. Vrable
(2001), 141 Ohio App.3d 460, 463.
 {¶ 9} Before addressing Masters Tuxedo's argument, Krainock makes an initial argument that Masters Tuxedo could not obtain a valid cognovit judgment because Masters Tuxedo did not strictly comply with R.C.2323.13(A). Krainock contends that the cognovit judgment is void because the complaint contained a copy of the warrant of attorney, not the original. Krainock cites Lathrem v. Foreman (1958), 168 Ohio St. 186, as the authority on the matter. The court in Lathrem ruled specifically that if a warrant of attorney cannot be produced, the court lacks authority to restore or re-establish it in order to enter judgment upon it. Id. at paragraph 2 of the syllabus. Although the Supreme Court opinion regardingLathrem does not explain what is meant by restore or re-establish, if one looks to the original Montgomery County Common Pleas Court judgment entry for Lathrem v. Foreman (1957), 140 N.E.2d 570, the matter is distinguished from the presentation of a photocopy of the warrant of attorney. In Lathrem, the warrant of attorney was lost and therefore not presented in any form. Instead, an ex parte hearing was conducted wherein plaintiff produced evidence that the warrant of attorney existed and was signed by defendant. After the hearing, the court entered judgment as though the warrant of attorney had been presented. Thus, by saying that the court cannot recreate or restore a warrant of attorney, the court in essence meant redraw. In Fogg, the Sixth District Court of Appeals held that copies are acceptable as an accurate reproduction of the warrant of attorney. 55 Ohio App.3d at 141. R.C. 2323.13(A) states that an attorney must produce the warrant of attorney to the court. The Fogg court reasoned that the statute does not state that copies are invalid. Id. Therefore, it is acceptable for an accurate reproduction to be submitted. Id. Hence, Krainock's initial argument can be disregarded, and as such we can address Masters Tuxedo's issue of inadequate evidence to set forth a meritorious defense.
 {¶ 10} Regarding the meritorious defense, Krainock stated in his motion to vacate that the note in question has been "fully satisfied and therefore, Plaintiff's Complaint is fully without merit, the truth of which can be provided at a trial on the merits of this matter." Krainock expanded upon this defense at the hearing on the motion to vacate, whereat he explained that he sold the company and Masters Tuxedo drew up another note for the buyers, one that relieved Krainock of any obligation to pay. (Tr. 3-6). Krainock provided a copy of the above referenced note, a fax from Masters Tuxedo stating that the final payment on the second note was due in May 2001, and the cancelled checks from the new owners that paid off the balance of the note as evidence of a meritorious defense. (Tr. 3-6, Exhibits 1-3).
 {¶ 11} Masters Tuxedo contends that the aforementioned documents were never formally introduced by Krainock and, thus, could not be properly considered by the trial court in its decision. The trial court labeled the documents as "Exhibits" and attached them to the transcript. Masters Tuxedo contends, without citing any case law, that formal trial standards apply at the motion to vacate hearing. Application of this "technical evidentiary argument" is unnecessary at an informal, pre-trial hearing on a motion. This type of hearing usually amounts to an oral argument. The issue at this type of hearing is not the veracity of the defense, but the existence of a defense. Furthermore, if this technical evidentiary standard is utilized, Masters Tuxedo's argument still fails. Masters Tuxedo failed to object to the court's reliance on the documents below. As such, it waived the argument for purposes of this appeal. Meierv. Hucke (Dec. 13, 1996), 2nd Dist. No. 15829 (stating "technical evidence standards" do not apply where appellant did not object at trial).
 {¶ 12} Masters Tuxedo also asserts that the evidence and argument submitted at the hearing is improper evidence to support an allegation of a meritorious defense. According to Masters Tuxedo, Krainock must produce evidence such as affidavits, depositions, answers to interrogatories, etc., to support the request for vacation of the default judgment. EastOhio Gas v. Walker (1978), 59 Ohio App.2d 216, syllabus. Masters Tuxedo cites East Ohio Gas for the proposition that unsworn allegations or a brief attached to the motion to vacate is insufficient to warrant the grant of relief. Id.
 {¶ 13} However, the East Ohio Gas Court decision was partially based on Cuyahoga County Common Pleas Court Loc.R. 11. Id. (case originated in Cuyahoga County Common Pleas Court). Cuyahoga County Loc.R. 11 explicitly requires "copies of affidavits, depositions, photographs or documentary evidence" to be filed in support of the motion. Id. at 221. The case sub judice originated in Mahoning County Common Pleas Court. No comparable rule exists in this jurisdiction. As such, East Ohio Gas is distinguishable from the case at hand. Krainock only needed to allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists. Syphard,141 Ohio App.3d at 463; Kay v. Marc Glassman Inc. (1996), 76 Ohio St.3d 18
(evidence supporting motion is not necessary); Rose Chevrolet,36 Ohio St.3d 17 (alleging a meritorious defense in the answer is sufficient). Thus, Krainock's submission of the second note, a fax from Masters Tuxedo, and the cancelled checks are sufficient to successfully allege the existence of a meritorious defense.
 {¶ 14} Krainock sufficiently alleged a meritorious defense. Where relief is pursued in a timely manner and in light of a proper allegation of a meritorious defense, any doubt should be resolved in favor of setting aside the judgment so that the case may be decided on the merits. GTE, 47 Ohio St.2d at 151.
 {¶ 15} For the foregoing reasons, the decision of the trial court is hereby affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs.