[Cite as *SHJ Co. v. Avani Hospitality & Fin., L.L.C.*, 2022-Ohio-1173.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SHJ CO.,                                            :

     Plaintiff-Appellee,         :

                                 No. 110771

     v.                                         :

AVANI HOSPITALITY AND
FINANCE, L.L.C., ET AL.,                 :

     Defendants-Appellants.     :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 7, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-950513

---

### *Appearances:*

Tucker Ellis L.L.P., William Stavole, and Anna L. Gecht, *for appellee*.

Harold Pollock Co., L.P.A. and Harold Pollock, *for appellants*.

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Defendants-appellants Avani Hospitality and Finance L.L.C. ("Avani"), Atul Patel ("Atul"), and Archana Patel (individually, "Archana," and collectively, "appellants") appeal the trial court's judgment granting the plaintiff-appellee's, SHJ Co.'s ("appellee"), cognovit judgment against them. They also appeal the court's denial of their motion to vacate void judgment. After a thorough review of the applicable law and record, we affirm.

{¶ 2} Appellee is an Ohio limited liability company involved in money lending. Avani is an Ohio limited liability company engaged in business and real estate transactions. Atul is the sole managing member of Avani and is married to Archana. In August 2019, Atul met with appellee and told appellee that he was involved in operating hotels, assisted living developments, and other business deals and was seeking funds to pursue various new business opportunities. As a result of this meeting, appellee agreed to loan money to appellants, and appellants executed three cognovit promissory notes: the "407 Note" in the amount of $407,000, the "200 Note" in the amount of $200,000, and the "75 Note" in the amount of $75,000. The 75 Note also contained a cognovit guaranty, executed by Atul on behalf of Avani.

{¶ 3} The 407 Note, 200 Note, and 75 Note each contained the language below:

**Borrower's Representations and Warranties**

<u>Commercial Loan.</u> Borrower represents and warrants that the proceeds of this loan will be used by Borrower only for business

purposes and that Borrower does not intend to, and <u>will not</u>, establish residence on the Property so long as the Loan remains outstanding.

\* \* \*

THE MAKER EXPRESSLY AGREES THAT THIS PROMISSORY NOTE IS <u>NOT</u> TO BE INTERPRETED OR CONSIDERED AS ARISING OUT OF A CONSUMER LOAN OR CONSUMER TRANSACTION.

(Emphasis sic.)

**{¶ 4}** Appellants contend that, despite their intention in using the loan proceeds for commercial purposes, they primarily spent the proceeds on "personal, family, educational, or household purposes." The loans eventually went into default and appellee filed the instant action. Pursuant to a warrant of attorney contained in each cognovit note, appellants confessed judgment on the complaint in favor of SHJ on July 27, 2021.

**{¶ 5}** The trial court issued a judgment entry finding that the cognovit notes and the guaranty did not arise out of a consumer loan or a consumer transaction and entered judgment as follows: (1) against Avani and Atul, jointly and severally, in the amount of $385,136.28 plus interest on the unpaid principal balance of $384,006.66 from July 9, 2021, at the default interest rate of 25 percent per annum; (2) against Avani, Atul, and Archana, jointly and severally, in the amount of $178,295.52 plus interest on the unpaid principal balance of $177,236.01 from July 12, 2021, at the interest rate of 10 percent per annum; (3) against Avani and Atul, jointly and severally, in the amount of $50,329.01 plus interest on the unpaid principal balance of $43,058.05 from July 12, 2021, at the interest rate of 10 percent

per annum; (4) all costs and expenses, including reasonable attorney fees incurred by SHJ in collecting or enforcing the terms of each note and the guaranty; and (5) all other relief to which SHJ is entitled. Judgment Entry on Cognovit Complaint, No. 119022747 (July 27, 2021). The entry included the language that "[t]his is a final judgment entry. Pursuant to Rule 54(B) of the Ohio Rules of Civil Procedure, this Court hereby determines there is no just cause for delay." *Id.*

{¶ 6} On July 30, 2021, appellants filed a motion to consolidate cases, asking the trial court to transfer an action Atul had filed against several defendants, including SHJ, so that both cases could be heard before the same judge. *See Patel v. Thakkar*, Cuyahoga C.P. No. CV-21-950070. The appellants simultaneously filed a motion to vacate void judgment and stay execution.

{¶ 7} On August 11, 2021, the court denied the motion to consolidate: "Motion to consolidate cases CV-21-950070 and CV-21-950513 filed 07/30/2021 is denied. This case is not active and cannot be consolidated with an active case." Journal Entry No. 118227628 (Aug. 11, 2021).

{¶ 8} The trial court also denied the motion to vacate, determining it was a Civ.R. 60(B) motion for relief from judgment and finding, in part: "Defendants were aware of all the terms of the loans upon signing the agreement between the parties. That the defendants now disfavor the terms of the loans is not a sufficient reason for the court to overturn a valid judgment." Journal Entry No. 118319195 (Aug. 18, 2021).

{¶ 9} Appellants filed the instant appeal.

**Assignments of Error**

I. The trial court erred in failing to make a finding as to whether or not the loans underlying the cognovit notes constituted consumer loans as required by [*Shore W. Constr. Co. v. Sroka*, 61 Ohio St.3d 45, 572 N.E.2d 646 (1991)] and *Agarwal v. Matthews*, [8th Dist. Cuyahoga No. 96950, 2012-Ohio-161].

II. The trial court failed to find that the cognovit notes arose from consumer loans thereby rendering the warrants of attorney to confess judgment granted to Plaintiff-Appellee in those cognovit notes invalid.

III. The trial court erred in failing to conduct an evidentiary hearing on the elements of R.C. 2323.13(E)(1) as required by [*Shore W. Constr. Co. v. Sroka*, 61 Ohio St.3d 45, 572 N.E.2d 646 (1991)] and *Agarwal v. Matthews*, [8th Dist. Cuyahoga No. 96950, 2012-Ohio-161].

IV. The trial court erred in failing to classify the loans as a consumer loan where the unrefuted testimony of Appellants showed that the loan proceeds were used primarily for "primarily for a personal, family, educational or household purposes" within the meaning of ORC §2323.13(E).

V. The trial court erred in denying Appellants' motion to vacate judgment under Civil Rule 60(B) where Appellants had alleged a meritorious defense and did not need to prove that they would prevail on that defense.

VI. The trial court lacked subject-matter jurisdiction because the notes were subject to the prior exclusive jurisdiction of [a different trial judge] in the declaratory judgment action.

VII. The trial court erred in failing to reduce the amounts of the personal judgments against Appellants Patel to reflect a lawful interest rate.

**Noncompliance with Appellate Rules**

{¶ 10} Appellants raise seven assignments of error for our review. As an initial matter, we note that appellants consolidate their first five assignments of

error into a single argument. Appellants also fail to identify those places in the record on which these assignments of error are based.

{¶ 11} App.R. 16 requires that the appellant *shall* include in its brief: "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(17). App.R. 12(A)(2) provides that we "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶ 12} It is not the reviewing court's obligation to search the record for evidence to support an appellant's argument as to any alleged error, *Pond v. Pond*, 10th Dist. Franklin No. 20AP-262, 2021-Ohio-1708, ¶ 10, citing *State v. Ozeta*, 4th Dist. Adams No. 02CA746, 2004-Ohio-329, let alone five alleged errors that appellants have lumped into a single argument. However, because cases are best decided on their merits, this court will employ its discretion to briefly address the appellants' first five assignments of error in a consolidated fashion.[1]

{¶ 13} Finally, appellants argue they are entitled to a stay of execution pending the disposition of their motion to vacate, but this is not an argument that

---

[1] Appellants' counsel is admonished that future failure to conform with the appellate rules could result in the striking of the appellate brief or further sanctions.

they have assigned as error. We decline to address appellants' unassigned argument. *See* App.R. 12, App.R. 16.

**Assignments of Error I. – V.**

{¶ 14} In assigned errors one through five, appellants claim that the trial court erred in finding that the cognovit promissory notes were commercial loans, erred when it did not hold an evidentiary hearing to determine the type of loan prior to entering judgment or deciding their motion to vacate, and erred when it denied their motion to vacate. Essentially, appellants challenge the validity of the cognovit note.

**Standard of Review**

{¶ 15} A debtor relinquishes the possibility of notice, hearing, or appearance at an action to collect in the event of nonrepayment by signing a cognovit note. *Buzby v. Chamoun*, 2014-Ohio-4676, 22 N.E.3d 202, ¶ 5 (8th Dist.), citing *Medina Supply Co., Inc. v. Corrado*, 116 Ohio App.3d 847, 689 N.E.2d 600 (8th Dist.1996). The purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of a trial. *Buzby* at *id.*, citing *Fogg v. Friesner*, 55 Ohio App.3d 139, 140, 562 N.E.2d 937 (6th Dist.1988). To accomplish this, cognovit notes are accompanied by a warrant of attorney by which the debtor provides a waiver of the prejudgment notice and hearing requirements. *Buzby* at *id.*

{¶ 16} If a debtor wants to challenge a judgment obtained by cognovit note, the debtor may file a Civ.R. 60(B) motion for relief from judgment. *Id.* at ¶ 6, citing *Masters Tuxedo Charleston, Inc. v. Krainock*, 7th Dist. Mahoning No. 02 CA 80,

2002-Ohio-5235. To establish that the debtor is entitled to relief from judgment on a cognovit note, the debtor "need only establish (1) a meritorious defense and (2) that the motion was timely made." *Buzby* at *id.* citing *Buehler v. Mallo*, 10th Dist. Franklin No. 10AP-84, 2010-Ohio-6349, ¶ 8. We review the trial court's decision regarding a Civ.R. 60(B) motion for an abuse of discretion. *Buzby* at *id.*, citing *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 684 N.E.2d 1237 (1997). An abuse of discretion is when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices. *State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 19.

**Appellants' Commercial Loan**

{¶ 17} The statutory provisions set forth in R.C. 2323.12 and 2323.13 govern subject-matter jurisdiction over cognovit notes. *Buzby* at ¶ 9. A trial court can enter judgment on a cognovit note arising out of a commercial loan, assuming all other statutory requirements are satisfied, but a trial court lacks jurisdiction to enter judgment on a cognovit note arising out of a consumer loan. *See* R.C. 2323.13(E)(1). A "consumer loan" is defined in R.C. 2323.13(E)(1) as "a loan to a natural person and the debt is incurred for primarily personal, family, educational, or household purpose."

{¶ 18} Appellants contend that the trial court lacked jurisdiction to enter the cognovit judgment pursuant to R.C. 2313.13(E)(1) because the cognovit notes arose from "consumer loans."

{¶ 19} When interpreting a cognovit note, a court must give meaning to the language of the contract in a way that reflects the intent of the parties. *See Sutton Bank v. Progressive Polymers, L.L.C.*, 161 Ohio St.3d 387, 2020-Ohio-5101, 163 N.E.3d 546, ¶ 15-16 (holding that traditional rules of contract interpretation apply to cognovit provisions in a contract).

{¶ 20} The three cognovit notes at issue in this case clearly and unambiguously provide that they are commercial loans for business purposes only and are not to be interpreted or considered as arising out of consumer transactions. As stated earlier, each of the three cognovit promissory notes contain the following identical language:

**Borrower's Representations and Warranties**

Commercial Loan.   Borrower represents and warrants that the proceeds of this loan will be used by Borrower only for business purposes and that Borrower does not intend to, and will not, establish residence on the Property so long as the Loan remains outstanding.

\* \* \*

THE MAKER EXPRESSLY AGREES THAT THIS PROMISSORY NOTE IS NOT TO BE INTERPRETED OR CONSIDERED AS ARISING OUT OF A CONSUMER LOAN OR CONSUMER TRANSACTION.

(Emphasis sic.)

{¶ 21} There is no evidence in the record that either party endeavored to renegotiate the terms of these notes to alter these specific provisions prior to default.

{¶ 22} To support their claim that their loans were for consumer, not commercial, purposes, appellants rely on *1st Natl. Fin. Servs. v. Ashley*, 2018-Ohio-3134, 118 N.E.3d 432, ¶ 13 (10th Dist.).  In *Ashley*, the appellant appealed after the

trial court denied her motion for relief from judgment, which challenged the trial court's subject-matter jurisdiction after a cognovit judgment. The appellant asserted in her motion that the trial court lacked subject-matter jurisdiction because the underlying loan was a consumer loan; therefore, pursuant to R.C. 2323.13(E), the warrant to confess judgment contained in the cognovit note was invalid. She supported her motion to vacate with an affidavit in which she averred she obtained the original loan to help pay personal bills and the funds she obtained from that loan were used for family and household purposes, she did not own a business and had never owned a business, and she did not understand the significance of the cognovit note when she signed it. *Ashley* at ¶ 11. The Tenth District found that because the appellant alleged facts that would have precluded the court from exercising subject-matter jurisdiction, the trial court should have placed the burden on the appellee to prove that subject-matter jurisdiction existed and reversed the trial court's decision.

{¶ 23} *Ashley* is clearly distinguishable from this case. Here, the appellants did not support their motion to vacate with an affidavit stating that the proceeds of the loan were used for consumer purposes nor is there any evidence in the record to support their claim. The appellants simply make assertions. Unlike *Ashley*, the appellants are involved in business transactions; Atul acknowledges that he is a "businessman" who "is actively engaged in business and frequently in need of capital for new business and real estate ventures." The company, Avani, of which Atul is the sole managing member, is a limited liability company that engages "in business and real estate transactions."

**{¶ 24}** Here, appellants claim that they borrowed money with the intention of utilizing it for business transactions, however, none of those transactions materialized so they used the proceeds primarily for personal purposes. How appellants chose to use the loan proceeds does not change the type or purpose for which the loan was made. Appellants do not assert that they were fraudulently induced into entering into the cognovit notes and have provided no evidence to support their claims.

**{¶ 25}** The other cases appellants rely on differ because they were brought in federal court under the Truth in Lending Act ("TILA"). *See Riviere v. Banner Chevrolet*, 184 F.3d 457 (5th Cir.1999) (holding that the district court should look to substance of the transaction and the borrower's purpose in obtaining a loan); *St. Hill v. Tribeca Lending Corp.*, 403 Fed.Appx. 717 (3d Cir.2010) (holding that the primary purpose of the appellant's loan was commercial; therefore, the TILA did not apply to the loan as a matter of law.) Even if we were to rely on these cases and consider both the loan documents and the primary purpose of the loan, appellants readily admit that their primary purpose in obtaining the cognovit notes was commercial.

**No Requirement for Evidentiary Hearing**

**{¶ 26}** Appellants claim that the trial court erred in failing to hold a hearing pursuant to R.C. 2313.13(E) to determine the nature of the cognovit note — commercial or consumer — and failed to hold a hearing on their motion to vacate motion for reconsideration.

{¶ 27} The plain language of R.C. 2313.13(E) does not provide for a hearing. In *Shore W. Constr. Co. v. Sroka*, 61 Ohio St.3d 45, 48, 572 N.E.2d 646 (1991), the Ohio Supreme Court vacated a judgment based on a cognovit note against defendants who had taken out the loan in order to purchase a home, holding that such a loan fell squarely within the statute's definition of a "debt incurred * * * primarily for a personal, family, educational, or household purpose." The court found that the "undisputed facts" showed that the loan qualified as a consumer loan under the statute; thus, it was "unnecessary to remand the case for an evidentiary hearing on the elements of R.C. 2323.13(E)(1)." *Id.* at 49.

{¶ 28} In *Agarwal v. Matthews*, 8th Dist. Cuyahoga No. 96950, 2012-Ohio-161, the defendants claimed that the trial court erred in entering a cognovit judgment against them because their underlying loan was a consumer loan and the trial court's judgment granting the cognovit judgment was silent on the matter. A panel of this court interpreted *Shore W. Constr. Co.* to require an evidentiary hearing if the parties disagree as to the nature of a cognovit note and the trial court makes no finding as to whether the loan underlying the present cognovit note constituted a consumer loan:

> We note that the trial court made no finding as to whether or not the loan underlying the present cognovit note constituted a consumer loan. Agarwal opposed appellants' motion for relief and attached his own affidavit to support his argument that the underlying transaction was not a consumer loan but rather a commercial transaction between himself and Mt. Sinai Church. In *Shore W.*, the Ohio Supreme Court noted that the appropriate course under the present circumstances is a remand, "for an evidentiary hearing on the elements of R.C. 2323.13(E)(1)." *Shore W.*, 61 Ohio St.3d at 49.

*Agarwal* at ¶ 10. *See also 1st Natl. Fin. Servs. v. Ashley*, 10th Dist. Franklin No. 16AP-18, 2016-Ohio-5497, ¶ 27 (finding that when there has been no finding by the trial court as to the type of underlying loan, "*Shore W. Construction Co.* suggests that the proper procedure to follow when the parties contest whether the cognovit note arose from a 'consumer loan' is to hold an evidentiary hearing and make a determination on the issue").

{¶ 29} In this case, not only did appellants fail to support their claims with affidavits or any other evidence that their loans were consumer loans, but the trial court affirmatively found that the cognovit note "did not arise out of a consumer loan or a consumer transaction." Thus, a hearing was not warranted.

{¶ 30} There was also no reason to hold a hearing on appellants' motion to vacate/motion for reconsideration. A party filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled a hearing on the motion. *Saponari v. Century Limousine Serv.*, 8th Dist. Cuyahoga No. 83018, 2003-Ohio-6501, ¶ 8. To be entitled to a hearing on a motion for relief from judgment, "the movant must do more than make bare allegations that [they are] entitled to relief." *Id.*, quoting *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). A trial court has broad discretion to deny a motion for relief from judgment. "Where the movant's motion and accompanying materials fail to provide the operative facts to support relief under Civ.R. 60(B), the trial court may refuse to grant a hearing and summarily dismiss the motion for relief from judgment * * *." *Saponari* at ¶ 9, citing

*Bates & Springer, Inc. v. Stallworth*, 56 Ohio App.2d 223, 382 N.E.2d 1179 (8th Dist. 1978).

{¶ 31} Here, appellants never requested a hearing and, although they alleged they were entitled to relief, they did not present operative facts in support of their motion. Appellants concede that they entered into the loans for business purposes and have shown no evidence to create a factual dispute that would warrant a hearing on their motion.

{¶ 32} Accordingly, assignments of error one through five are overruled.

**Assignment of Error VI – Court's Jurisdiction**

{¶ 33} In the sixth assignment of error, appellants contend that the trial court erred when it found that it had jurisdiction over their claim because the case should have been assigned or transferred to the trial judge handling their other action against SHJ, Case No. CV-21-950070.

{¶ 34} Appellants note in their brief that they have dismissed their claims without prejudice against SHJ in Case No. CV-21-950070.[2] They concede that because of the dismissal, "the issues of consolidation and transfer initially raised by this appeal are moot." Despite this admission, appellants argue that the issue of whether the trial court issued a "valid" judgment remains because the court issued the judgment while another court had concurrent jurisdiction over "the notes."

---

[2] On September 23, 2021, appellants, as plaintiffs in Case No. CV-21-950070, filed for leave to amend their complaint to dismiss certain counts that applied to SHJ. The trial court in that case granted the motion on October 12, 2021, dismissing the claims against SHJ.

{¶ 35} As appellants concede, their action in dismissing their claims against SHJ in Case No. CV-21-950070 renders their claim on appeal moot. Because no actual controversy remains to be litigated on this issue and there is no available remedy to be granted, we conclude that the issue raised under this assignment of error is moot.

{¶ 36} Accordingly, the trial court did not err in finding it had jurisdiction over the case and the sixth assignment of error is overruled.

**Assignment of Error VII – Usury Statute does not Apply**

{¶ 37} In the seventh assignment of error, appellants argue that the trial court erred in failing to invoke Ohio's usury statute to reduce the principal balance and interest rate due on each cognovit note.

{¶ 38} R.C. 1343.01, Ohio's Usuary Statute, provides for setoff of excess usurious interest against the principal balance due, not to exceed eight percent, subject to six exceptions:

> (B) Any party may agree to pay a rate of interest in excess of the maximum rate provided in division (A) of this section when:
>
> (1) The original amount of the principal indebtedness stipulated in the bond, bill, promissory note, or other instrument of writing exceeds one hundred thousand dollars;
>
> * * *
>
> (6)(a) The loan is a business loan to a business association or partnership, a person owning and operating a business as a sole proprietor; any persons owning and operating a business as joint venturers, joint tenants, or tenants in common; any limited partnership; or any trustee owning or operating a business or whose beneficiaries own or operate a business * * *.

R.C. 1343.01(B)(1)-(6).

{¶ 39} Both the 407 Note and the 200 Note exceed $100,000; thus, the usury statute does not apply. R.C. 1343.01(B)(6)(b) defines a "business" as: "[A] commercial, agricultural, or industrial enterprise which is carried on for the purpose of investment or profit. 'Business' does not mean the ownership or maintenance of real estate occupied by an individual obligor solely as his residence." The 75 Note was entered into by Atul, as the sole managing member of Avani, in connection with a commercial loan. There is no dispute that Avani was a limited liability company. Thus, the usury statute also does not apply to the 75 Note.

{¶ 40} Accordingly, the usuary statute does not apply to the cognovit notes in this case.

{¶ 41} The seventh assignment of error is overruled.

{¶ 42} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

ANITA LASTER MAYS, P.J., and
JAMES A. BROGAN, J.,* CONCUR

(Sitting by assignment: James A. Brogan, J., retired, of the Second District Court of Appeals.)