[Cite as *Hager v. Swickheimer*, 2023-Ohio-414.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

GENE HAGER,

       Plaintiff-Appellee,

- vs -

DARLENE K. SWICKHEIMER,

       Defendant-Appellant.

**CASE NO. 2022-L-069**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2022 CV 000466

## O P I N I O N

Decided: February 13, 2023
Judgment: Reversed and remanded

*Daniel F. Lindner*, The Lindner Law Firm, LLC, 2077 East 4th Street, Second Floor, Cleveland, OH 44115 (For Plaintiff-Appellee).

*Matthew C. Rambo*, Freeburg & Rambo, LLC, 8228 Mayfield Road, Suite 5B, Chesterland, OH 44026 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Darlene Swickheimer, appeals the Judgment of the Lake County Court of Common Pleas, denying her Motion for Relief from Judgment. For the following reasons, we reverse the decision of the lower court and remand for further proceedings consistent with this Opinion.

{¶2} On April 15, 2022, plaintiff-appellee, Gene Hager, filed a Complaint on Cognovit against Swickheimer.

{¶3} On April 28, 2022, the trial court entered the following Judgment in favor of Hager:

1. Plaintiff is the named Payee on a Cognovit Note dated January 18, 2008 that secured a debt from October 6, 2006.

2. Defendant is a named Maker of said Cognovit Note.

3. The Cognovit Note secured a business loan in the principal amount of $45,000.00, accruing interest at 5% per annum compounded, payable on demand.

4. Plaintiff made demand for payment in full from Defendant, but Defendant never made any payment.

5. Defendant is in material default of her contractual obligations under the Cognovit Note.

6. As the direct and proximate result of Defendant's breach of the Cognovit Note contract, Plaintiff has incurred ~~ninety seven thousand six hundred sixty six 68/100 dollars~~ *$97,114.86* [handwritten] ($97,666.86 [sic]) in contract damages, together with future interest thereon a[t] a contract rate of five (5%) per annum.

{¶4}   The findings in the Judgment were affirmed by an Affidavit of Gene Hager. Attached to the Affidavit was a printout from "The Calculator Site" demonstrating that compound interest at a rate of 5% on the principal of $45,000.00 for 185 months amounts to $52,114.86.

{¶5}   On May 27, 2022, Swickheimer filed a Motion for Relief from Judgment pursuant to Civil Rule 60(B)(3) and (5) on the grounds that the April 28 Judgment "was based upon a note that does not appear to have been issued for a commercial purpose, for which payment was never demanded as due, and for an amount that was incorrectly calculated and prayed for by Plaintiff."

{¶6}   On July 5, 2022, the trial court denied the Motion for Relief from Judgment. The court's Judgment provides as follows:

> Defendant makes ambiguous statements that the Note "does not appear to have been issued for a commercial purpose"[1] [Fn. 1: There is no statutory requirement that a cognovit note state on its face that

2

it is for commercial purposes in order to be enforceable. *See* R.C. 2323.13.] and "vehemently denies" that demand for payment was made, both without providing an Affidavit and while ignoring Plaintiff's Affidavit averring that the Note was made for a commercial purpose and that demand for payment was made. Because Defendant has not provided the court with an Affidavit or other evidence to support her allegations, the court finds that it is undisputed that the Note was for commercial purposes, and that there is no evidentiary dispute requiring a hearing.

{¶7} On August 1, 2022, Swickheimer filed a Notice of Appeal. On appeal, she raises the following assignments of error:

> [1.] The trial court erred in denying Appellant's unopposed Motion for Relief from Judgment.
>
> [2.] The trial court erred in failing to conduct an evidentiary hearing on Appellant's unopposed Motion for Relief from Judgment.

{¶8} The assignments of error will be addressed in a consolidated manner.

{¶9} "An appellate court reviews a decision on a Civ.R. 60(B) motion for abuse of discretion." *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, 14 N.E.3d 1003, ¶ 21. "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." (Citation omitted.) *Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983). "Thus, the trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 665 N.E.2d 1102 (1996).

{¶10} The test for determining when a party is entitled to relief from judgment as set forth in Civil Rule 60(B) and *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47

3

Ohio St.2d 146, 351 N.E.2d 113 (1976), "is modified when a party is seeking relief from a cognovit judgment." *Natl. City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, 834 N.E.2d 836, ¶ 18; *Huntington Natl. Bank v. D & G Ents., Inc.*, 7th Dist. Mahoning No. 12 MA 15, 2013-Ohio-1117, ¶ 20 ("[t]he movant's burden is somewhat lessened when the judgment was taken by confession on warrant of attorney without prior notice"); *Home S. & L. of Youngstown v. Snowville Subdivision*, 8th Dist. Cuyahoga No. 97985, 2012-Ohio-4594, ¶ 17.

{¶11} "Because the judgment debtor is not afforded notice or the opportunity to answer the complaint prior to the entry of a cognovit judgment, the judgment debtor is not required to show entitlement to relief under one of the specific grounds listed under Civ.R. 60(B)." *Rini* at ¶ 18. "Therefore, a party seeking relief from a cognovit judgment is only required to demonstrate the existence of a meritorious defense and that the motion is made within a reasonable time." (Citation omitted.) *Id.*; *SHJ Co. v. Avani Hospitality and Fin., L.L.C.*, 2022-Ohio-1173, 187 N.E.3d 1121, ¶ 16; *Cook Family Invests. v. Billings*, 9th Dist. Lorain No. 07CA009281, 2009-Ohio-73, ¶ 8.

{¶12} There is no dispute regarding the timeliness of Swickheimer's Motion. Accordingly, the determinative issue is whether she demonstrated the existence of meritorious defenses.

{¶13} Swickheimer raised three purported meritorious defenses. She denied, despite the Affidavit to the contrary, that Hager ever made a demand for payment and argued that, "[w]ithout such demand, payment on the Note was never due." We disagree. "If a note does not specify a maturity date, it will be due on demand." *Fogg v. Friesner*, 55 Ohio App.3d 139, 140, 562 N.E.2d 937 (6th Dist.1988). "Furthermore, it has been held

4

that '* * * the filing of an action is in itself a sufficient demand against the maker of a note to sustain the action and no demand for payment is required prior thereto." *Id.*, citing *Union Properties, Inc. v. McHenry*, 142 Ohio St. 136, 144, 50 N.E.2d 315 (1943).

{¶14} Swickheimer also argues that, despite the Affidavit to the contrary, "the Note is not clearly for a commercial or business loan." *See* R.C. 2323.13(E) ("[a] warrant of attorney to confess judgment * * *, arising out of a consumer loan or consumer transaction, is invalid"). This is not a meritorious defense. Swickheimer does not claim that the Note arose out of a consumer loan or transaction, only that it "does not appear to have been issued for a commercial purpose." As noted by the trial court, a promissory note is required to specify the underlying transaction. Hager's Affidavit is evidence that the Note secured a business loan and this evidence is not challenged merely because the Note is silent with respect to its underlying purpose.

{¶15} Finally, Swickheimer challenges the calculation of interest on the Note. With respect to interest, the Cognovit Note provides as follows:

> * * * John G. Swickheimer and Darlene K. Swickheimer * * * promise to pay to the order of Gene Hager * * * the principal sum of Forty-Five Thousand and No/100 ($45,000.00), together with interest at the rate of Five (5%) per annum on the unpaid balance from the 6 day of October, 2006, until paid in full.
>
> Said principal and interest shall be payable upon demand.
>
> In the event said amount is not paid in full on the date due, interest shall accrue at the rate of one and one-half percent (1.5%) per month on the unpaid portion of principal, compounded monthly, until the entire amount is paid, or, at the option of Payee [Hager], may be withdrawn from the security deposit held by Payee or its assignee.

{¶16} Swickheimer points out that, according to the printout attached to Hager's Affidavit, the interest was calculated at a rate of "5% yearly" but compounded "monthly,"

5

Case No. 2022-L-069

contrary to the Note which provides for interest "at the rate of Five (5%) per annum." She further notes that "[n]o effect has been given to [the] provision of the Note" providing for interest at the rate of 1.5% compounded monthly. The provision for interest at the rate of 1.5% compounded monthly was also referred to in Hager's Affidavit in support of judgment ("[t]he Cognovit Note provided for a default interest rate of 1.5% per month, compounding monthly").

{¶17} The trial court did not address this aspect of Swickheimer's Motion for Relief from Judgment. Rather, the court ruled that "Defendant has not provided the court with an Affidavit or other evidence to support her allegations." This court has held that, "[w]hile it is generally advisable and preferable to do so, Civ.R. 60(B) does not *require* a movant to submit evidence in the form of affidavits or alternative evidence produced under oath." *Wells Fargo Fin. Leasing, Inc. v. Pero*, 11th Dist. Portage No. 2005-P-0053, 2006-Ohio-1459, ¶ 12; *Ohio Carpenters' Fringe Benefit Fund v. Krulak*, 8th Dist. Cuyahoga No. 88872, 2008-Ohio-220, ¶ 32 ("Civ.R. 60(B) does not specifically impose a requirement on the movant to file evidence in the form of affidavits, * * * [h]owever, it may be necessary where the motion requires consideration of facts, which do not appear in the record"). In the present case, Swickheimer's alleged defense, the miscalculation of interest, does not rely on evidence extrinsic to the record. The printout from The Calculator Site calculates interest that is compounded monthly. Inasmuch as this calculation is contrary to the terms of the Note that interest is to be calculated at 5% per annum and that interest at the rate of 1.5% compounded monthly shall accrue from the date of demand, Swickheimer has alleged facts presenting a meritorious defense.

6

{¶18} In the recalculation of interest, the date of demand will be significant for the application of the default interest rate. We note that Hager's Affidavit states that he "made demand for payment in full from the Maker in November, 2017." The trial court's April 28, 2022 Judgment Entry acknowledges that "Plaintiff made demand for payment in full" but did not incorporate the date of demand. In seeking relief from judgment, Swickheimer could not be expected to challenge the demand date when that date was not part of the judgment. For the reasons stated above, merely contesting whether demand was made is not a meritorious defense inasmuch as the filing of the lawsuit constitutes demand for payment. On remand, Swickheimer will be able to contest what the proper date of demand should be for the purposes of calculating default interest.

{¶19} Swickheimer's assignments of error are with merit.

{¶20} For the foregoing reasons, we reverse the Judgment of the lower court and remand for further proceedings consistent with this Opinion. Costs to be taxed against the appellee.

JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.